In the Matter of the Assignment of MILAN HULBURT et al. to ADRIAN VAN SINDERIN as Assignee, etc.

Where, after an assignment for the benefit of creditors, and after a sale and collection of a portion of the goods and accounts assigned, which sale and collection were made by the assignor and a clerk who had been put in charge by the assignee, the assignors compromised with their creditors, who executed a composition deed, *held*, that as it appeared that commissions on the moneys which were actually received by the assignee would be a fair and reasonable compensation for the services rendered he was only entitled thereto, not to commissions upon the value of all the assigned property.

The provision of the act in relation to such assignments (§ 26, chap. 466, Laws of 1877, as amended by § 7, chap. 318, Laws of 1878), which provides that the assignee shall receive the commissions specified " on the whole sum which will have come into his hands " refers to the money actually received not to the property assigned.

*It seems* that an assignee may protect himself by an agreement against the contingency of a composition before the conversion of any of the assigned property into money by an agreement with the assignor before he accepts the assignment, for his compensation in such case.

*It seems*, also, that the court may, in such case, before it will compel the assignee to return the assigned property, order reasonable compensation to be made to him as a condition of such return.

*In re Bunch* (12 Wend. 280), distinguished.

(Argued April 25, 1882; decided May 30, 1882.)

APPEAL by the assignors from an order of the General Term of the Court of Common Pleas in and for the city and county of New York, made February 6, 1882, which modified and affirmed as modified an order of Special Term on settlement of the accounts of Adrian Van Sinderin, as assignee for the benefit of creditors of Milan Hulburt and William A. Hulburt, composing the firm of Merwin, Hulburt & Co.

The material facts are stated in the opinion.

*Samuel Hand* for appellants. The amendment of 1878 to the General Assignment Act of 1877, fixing the assignee's commissions at five per cent on the whole sum which will have come into his hands, should be construed so as to carry out the

policy of the common law. (*Chamberlain* v. *The West. Trans. Co.*, 44 N. Y. 309; *Donaldson* v. *Wood*, 22 Wend. 397; *Jewett* v. *Woodward*, Edw. Ch. 195; *Barney* v. *Griffin*, 2 N. Y. 372; *Nichols* v. *McEwen*, 17 id. 22; *Campbell* v. *Woodworth*, 24 id. 304; *Duffy* v. *Duncan*, 35 id. 190; *Jacob* v. *Remsen*, 36 id. 668; *Ogden* v. *Murray*, 39 id. 202.) The assignee should recover five per cent on all sums of money which will have come into his hands by the performance of his trust in collecting debts and in realizing upon assets. (*In re Shaw*, 18 Hun, 195; *In re Kenyon* v. *Cox*, Com. Pl., Sp. T., August, 1877, cited in Kieley on Insolvent Assignments, 137; 2 R. S. [2d. ed.] 47, § 29; *Duffy* v. *Duncan*, 35 N. Y. 190; *Case of Bunch*, 12 Wend. 280, 284; *In re Woven Tape Skirt Co.*, 85 N. Y. 506; *Mc Whorter* v. *Benson*, Hopk. Ch. 42; *Wagstaff* v. *Lowerre*, 23 Barb. 226; *DePeyster Case*, 4 Sandf. Ch. 511; *Bennett* v. *Chapin*, 3 Sandf. Sup. Ct. 673; *Schenck* v. *Dart*, 22 N. Y. 420; *Meacham* v. *Sternes*, 9 Paige's Ch. 398; *Cairns* v. *Chaubert*, id. 164; 3 R. S., part 2, chap. 6, art. 3, § 71; § 2736 of the Code, as amended June 16, 1881, chap. 535; *VanBuren* v. *Chenango Ins. Co.*, 12 Barb. 671; *German Am. Bk.* v. *M. R. C. Co.*, 68 N. Y. 585.) The provision of the order made at Special Term vacating the allowance of $2,000 to counsel for the assignee, for services upon the accounting, is eminently proper and should be sustained. (*In re Assignment of Curren*, 8 Daly, 122; *In re Weinhaus*, 5 Abb. N. C. 355; *Havemeyer* v. *Loob*, id. 338; *Burtis* v. *Dodge*, 1 Barb. Ch. 77; Redfield on the Law and Practice of Surrogates' Courts [latest ed.], 710.) The General Term erred in referring the claim for services rendered upon the accounting back to the referee. (In *Levy's Accounting, In re Assignment of Currer*, 8 Daly, 122; *Tilton* v. *Beecher*, 59 N. Y. 176; *Morris* v. *Wheeler*, 45 id. 708.) Allowances can only be made in the reasonable discretion of the court, and if unreasonably made, are appealable. (*Downing* v. *Marshall*, 37 N. Y. 380; *Wetmore* v. *Parker*, 52 id. 450.) The referee's fees, being in excess of the statutory allowance, were improperly granted. (Code, §§ 3296, 3297; *Currer Case*, 8 Daly, 119.)

*John L. Sutherland* for respondent. On surrendering the estate, the assignee was entitled to five per cent commissions on its true value, notwithstanding the composition. (Laws of 1878, chap. 318, § 7; 3 R. S. [5th ed.] 119, § 31; 2 R. S. 46, § 29; *Matter of Bunch,* 12 Wend. 280; *German Am. Bk.* v. *M. R. C. Co.,* 68 N. Y. 589, 590; *Kildreth* v. *Ellice,* 1 Caines, 192; *Bolton* v. *Lawrence,* 9 Wend. 425; *Parsons* v. *Bowdoin,* 17 id. 14; *Crofut* v. *Brandt,* 58 id. 106; *Mc Whorter* v. *Benson,* Hopk. Ch. 42; *Matter of Bunch,* 12 Wend. 380; *Cairns* v. *Chaubert,* 9 Paige, 164; *Meacham* v. *Sternes,* id. 404, 405; *Matter of DePeyster,* 4 Sandf. Ch. 511; *Bennett* v. *Chapin,* 3 Sandf. Sup. Ct. 673; *Van Buren* v. *Chenango Ins. Co.,* 12 Barb. 673; *Wagstaff* v. *Lowerre,* 23 id. 226, 227.) The order appealed from is not a final order, and no appeal lies to this court from it. (Code of Civil Procedure, § 170; *Clark* v. *Brooks,* 1 Abb. Ct. of App. Dec. 355; *Hollister Bk.* v. *Vail,* 15 N. Y. 593; *Tompkins* v. *Hyatt,* 19 id. 534; *Catlin* v. *Grissler,* 57 id. 363; *Swarthout* v. *Curtis,* 4 id. 415; *Butler* v. *Lee,* 3 Keyes, 70.)

Earl, J. On the 28th day of October, 1880, Milan Hulburt and William A. Hulburt, the appellants, who were doing business as a firm in the city of New York, having become financially embarrassed, made a general assignment for the benefit of their creditors, to the respondent Van Sinderin. The assignee took formal possession of the assigned property, which consisted of merchandise and book accounts. The property remained in the store of the assignors in charge of their former book-keeper, who was selected by the assignee as his representative. The assignors and the person thus placed in charge sold goods and made collections to the amount of $45,374.53, which sum was paid to and received by the assignee. Thereafter, before the close of January, 1881, all the creditors of the assignors executed a composition deed, by which they agreed to accept the notes of the assignors for sixty per cent of their claims and release the assignors and their estate, as well as the assignee and his sureties, from all liability to them.

The composition was brought about solely by the efforts of the assignors, and the assignee did not personally sell any of the property or collect any of the debts. In March, 1881, an order was made by one of the judges of the New York Common Pleas appointing a referee to take and state the account of the assignee. A hearing was had before the referee, and he found the actual value of the property assigned to be $232,-941.08, and he determined that the assignee was entitled to five per cent for his commissions on that sum, amounting to $11,647.05, and he allowed to the counsel of the assignee, for his services before the accounting, $2,000, and for his services upon the accounting another sum of $2,000. The General Term of the Common Pleas confirmed the decision of the referee as to these items, except as to the counsel fee upon the accounting, and referred that back to the referee for a further hearing as to the value of the services of the counsel upon the accounting. From the decision of the General Term the assignors have brought this appeal, and here complain mainly of the amount allowed for commissions. They claim that the commissions should have been computed only upon the sum of money which came into the hands of the assignee, while he claims that his commissions were properly computed upon the value of all the property which was assigned to him.

Section 26 of the General Assignment Act of 1877, as amended by section 7 of chapter 318 of the Laws of 1878, provides that the assignee shall receive for his services "a commission of five per centum on the whole sum which will have come into his hands;" and the matter now to be decided is, what was meant by this language? If it had been stated in the section that the commission was to be five per centum on the entire value of the property, or amount of property, or sum of money, it would have been plain enough. The words "the whole sum" are entirely inappropriate to express the entire amount of property, but they are appropriate to express the whole sum of money which may have come into the hands of the assignee, and we think they were used in that sense. The rate of commission is a large fixed sum, larger than is allowed in other analogous

cases, such as sheriffs, executors, administrators and trustees. The statute contemplates the possibility of such a composition as was made in this case, and provides for the discharge of the assignee when it is made. Thus it may turn out that the assignee may be discharged from all liability before he has done any thing except to execute his bond and take formal possession of the assigned property, and if the legislature had intended, in such a case, that the commission should be computed upon the value of all the property assigned, more appropriate language would, we think, have been used. In most cases where compositions are effected by the assignors, the commission of five per cent on the whole property assigned would be greatly disproportionate to the value of the services rendered by the assignee, and we think the legislature, in fixing the rate of commission, had in mind only the money which should come into the hands of the assignee.

It may be said that this construction will deprive the assignee of any compensation in case a composition is made by the assignor before the assignee has converted any of the assigned property into cash. Such cases, however, will not be common and the assignee can always protect himself by an agreement with the assignor before he accepts the assignment as to the amount of his compensation in case of a composition. Such an agreement would be valid as between the assignor and assignee while it would be invalid so far as it affected the interests of creditors. When one voluntarily consents to act as assignee he must either take what the law gives him or, where the rights of creditors are not concerned, what the assignor agrees to give him. And it may be said further, that when the assignee has received no money upon which his commissions can be computed, the case is not provided for by the statute, and the court may, before it will compel him, after a composition, to return the assigned property to the assignor, order a suitable and reasonable compensation to be made to him as a condition of such return.

We do not intend by this construction to alter or affect the rules which have been laid down for computing the fees or commis-

sions of sheriffs, executors, administrators and trustees. A sheriff is not a volunteer. He discharges a duty imposed upon him by law, and his fees are not large, and the commissions of executors and trustees are not large, and would not be excessive in most cases, if computed upon the whole property which has come into their hands, and which in the end they may distribute or dispose of as money. Our construction of the act now under consideration is confined to the language used and the consideration of what we conceive to have been the purpose of the legislature.

Much reliance is placed by the assignee upon the case of *In re Bunch* (12 Wend. 280). In that case an attachment was issued at the instance of one Mitchell against Bunch, a non-resident debtor, and trustees were appointed, and the trustees caused Bunch to be brought before the officer who issued the warrant of attachment, and while the proceeding was pending Bunch compromised with Mitchell, and gave him a bill of exchange for upwards of $19,000, in consideration whereof Mitchell gave him a general release and discharge from all liability. In that case the statute provided that the trustees should receive a commission of five per cent on the "whole sum which shall come into their hands," and the court held that the trustees were entitled to their commissions on the whole amount of the bill of exchange, although it did not come into their hands. The bill of exchange, was received by the creditor as so much money, and that was the sum realized by the proceeding which was instituted. SAVAGE, C. J., writing the opinion of the court, said: "The meaning of the act is that the trustees shall receive a commission upon such sum as shall be realized in consequence of the proceedings instituted, and can there be a doubt but that the attaching creditor received upwards of $19,000, in consequence of these proceedings?" It is thus seen that that case is entirely unlike this. Here nothing was realized by the efforts of the assignee, and in no sense was the property assigned to him converted into cash, or disposed of by him as cash except as to sales and collections actually made.

Our recent decision *In the Matter of the Woven Tape Skirt*

*Co.* (85 N. Y. 506) furnishes some support to the conclusion we have reached.

Commissions have sometimes been allowed on the whole amount of property which has come into the hands of a trustee as an equitable mode of adjusting his compensation ; but constructive commissions, that is commissions on property not converted into cash, may, upon an equitable accounting, be refused to a trustee, when their allowance would be inequitable and unjust.   Here the commissions claimed are so disproportionate to the value of the services rendered that their allowance cannot be justified upon any principles of equity or justice.   The rule which gives the assignee his commissions upon the money which actually came into his hands will in this case measure the compensation more accurately and justly than any other which could be adopted.

As to the $2,000 allowed to the assignee for the services of his counsel prior to the accounting, there was but a very meager case upon which to base such an allowance.   The assignee was an attorney and counselor at law.   The printed record does not disclose that there was any litigation or dispute about any thing connected with the assigned estate.   It is not revealed how the services of an attorney came to be needed, or what particular services he rendered, for which a compensation of $2,000 could be claimed ; but as there was some evidence to sustain the charge, and the court below was satisfied with it, we will not disturb it.   As to the charge of $2,000 for services of counsel upon the accounting where there was no dispute, contest or litigation, we think the court below did well to refer that item back for further investigation.

Our conclusion, therefore, is that the judgment of the court below should be modified by reducing the commissions allowed to $2,268.72, five per cent on the money actually received, and as thus modified, affirmed without costs in this court to either party.

All concur, except TRACY, J., absent.

Ordered accordingly.