IN THE MATTER OF THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF JAMES T. FULTON, JR., TO CHARLES M. VALLEAN AND JOHN T. BUSH.

*Assignee for the benefit of creditors — his commissions are to be computed upon the moneys actually received —* 1877, *chap.* 466, *sec.* 26, *as amended by sec.* 7 *of chap.* 318 *of* 1878.

Assignees for the benefit of creditors sold certain real estate which had been transferred to them by the assignor, subject to two mortgages existing thereon at the time of the assignment. The assignment contained no specific direction requiring them to pay the mortgage debts. In their accounts they charged themselves with the amount actually received, that is, the purchase price less the amount of the mortgages.

*Held*, that they were entitled to receive commissions upon the amount of money actually received and not upon the full price for which the property was sold. (*Cox* v. *Schermerhorn*, 18 Hun, 16, distinguished.)

APPEAL by Charles M. Vallean, one of the assignees and a creditor, from that part of the decree of the Niagara County Court made

on a final accounting by the assignees, which allowed John T. Bush the appellant's co-assignee commissions on $119,000, the unincumbered value of certain of the assigned property, instead of on $31,500 the amount actually received in cash by the assignees for the incum_bered interest sold. There was some additional personal property. It was claimed by the respondent that the assignees were entitled to commissions of five per cent on, $125,674.90, and by the appellant that the commissions should be upon $38,174.90, the latter being the sum which actually came into their hands. The county judge was of the opinion that the commissions should be allowed on the full value of the property sold and so allowed them.

*H. C. Tucker*, for the appellant.

*C. H. Piper*, for the respondent.

HARDIN, J.:

What the commissions should be allowed depends upon a construction of section 26 of the Laws of 1877 (chap. 466) as amended by section 7 of chapter 318 of the Laws of 1878, which provides that the assignee or assignees shall receive the commissions specified " on the whole sum which will have come into his or their hands."

That section received a construction by the Court of Appeals, *In the Matter of the Assignment of Hulburt* (89 N. Y., 259), where the same case (reported in 10 Abb. N. C., 284) was reversed. It was held that the words of the statute refer to the money actually received, not to the property assigned.

In the case before us, the assignees found the real estate was incumbered by two mortgages, one for $70,000 and one for $17,500. There was no specific direction to the assignees to pay the mortgage debts.

The case differs from *Cox* v. *Schermerhorn* (18 Hun, 16), much relied upon by the county judge. In that case the executors were responsible for the whole amount of such sales, and it was their duty to receive the proceeds of such sales, pay off the incumbrances if any and dispose of the balance of such proceeds as directed by the will.

When they rendered their accounts they charged themselves with the whole sums received and paid, and in those charges they were credited with the payment of $87,000 of mortgages.

By the terms of the trust they were authorized to sell the real estate devised to them and apply the proceeds to the payment of the incumbrances. GILBERT, J., says, "the executors were liable for the price for which the property was sold."

In the case in hand the assignees only charged in their accounts the moneys which they actually received. They ought not to receive commissions on a greater sum. (*In re Woven Tape Skirt Co.*, 85 N. Y., 506; *In re Dean*, 86 id., 399.)

That part of the decree of the County Court of Niagara appealed from must be reversed, and the proceedings remitted to that court with directions to amend its decree, so as to allow the assignees commissions only upon the amount of money received by them, with costs of this appeal payable by the respondent Bush.

SMITH, P. J., and HAIGHT, J., concurred.

So ordered.