In the Matter of the Assignment of EDWARD D. BASSFORD to THOMAS KEECH for the Benefit of Creditors.

[SPECIAL TERM].

(Decided December 20th, 1884).

Where payment of a claim preferred in a general assignment for benefit of creditors is made by the assignee partly in cash and partly in property of the estate which is accepted by the creditor in lieu of cash, the assignee is entitled to commissions upon the value of the property so transferred in lieu of cash.

APPLICATION to confirm the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN HOESEN, J.—Instead of paying the preferred creditor entirely in cash, the assignee paid him partly in cash and partly in property, which the creditor accepted in lieu of cash. The assignee claims commissions upon the entire amount of money and property paid and turned over to the preferred creditor. To that objection is made on the ground that the Court of Appeals, in the *Matter of Hulburt* (89 N. Y. 259), decided that an assignee was entitled to commissions only upon " the sum of money that may come into his hands."

Undoubtedly the Court of Appeals did decide that in that case the commissions of the assignee should be computed upon the money he had collected, and that the value of the assigned estate was not the amount upon which those commissions should be calculated. That was a case in which a composition was effected by the efforts of the assignors, and the assignee did nothing at all to bring about the settlement between the assignors and their creditors. It was thought to be unreasonable to allow to the assignee a rate of compensation out of all proportion to his services, and the court, therefore, held that, in the event of a composition between the assignor and his creditors, the assignee was entitled only to his commissions upon the cash that he actually received.

The court did not, however, overrule the decision of the old Supreme Court, in *Re Bunch* (12 Wend. 280), but drew a distinction between that case and the Hulburt case, saying: " In that case the statute provided that the trustees should receive a commission of five per cent. upon ' the whole sum which shall come into their hands,' and the court held that the trustees were entitled to their commissions on the whole amount of the bill of exchange, although it did not come into their hands. The bill of exchange was received by the creditor as so much money, and that was the sum realized by the proceeding that was instituted. . . . . . That case (the Bunch case) is entirely unlike this (the Hulburt case). Here nothing was realized by the efforts

of the assignee, and in no sense was the property assigned
to him converted into cash, or disposed of by him as cash."

In the matter now before me the property transferred to
the preferred creditor by the assignee was disposed of by
the latter as cash, and was received as cash by the creditor.
The case therefore falls within the rule in the Bunch case,
and I am of opinion that the referee was right in allowing
to the assignee commissions upon the value of the property
that he transferred to the preferred creditor in lieu of cash.

Decree accordingly.