## FERDINAND BOEGLER, RESPONDENT, *v.* FRANCIS M. EPPLEY, APPELLANT.

*Practice — what motions may be heard at chambers — general assignment — an agreement between the assignor and assignee that the latter shall receive a specific compensation cannot be enforced on an accounting.*

A general assignment from one Howe to the defendant Eppley having been set aside as fraudulent, and a reference had to take and state the assignee's accounts, a motion to confirm the report of the referee was brought up for consideration at a Special Term held at chambers in the city of New York.

*Held*, that an objection that the motion to confirm the report should have been made at a Special Term for enumerated motions was properly overruled.

Upon the accounting the referee allowed the assignee commissions, amounting to ninety-nine dollars and eight cents, but refused to allow him the sum of $300, which he claimed to be entitled to receive under an agreement made with the assignor, by which he was to receive that sum in case the assignor should compound with his creditors, or the assignment should be attacked by creditors and set aside.

*Held*, that the claim was properly disallowed.

*Matter of Hulburt* (89 N. Y., 259) followed.

Appeal from an order modifying and confirming the report of a referee upon the settlement of the accounts of an assignee under a general assignment.

Upon the hearing the assignee claimed to be entitled to retain the sum of $300 as a compensation for his services under an agreement made, prior to the assignment, between him and the assignor, to the effect that if the assignment did not go through, or there was a composition with the creditors, or the assignment was set aside by a creditor, he should retain that amount from the moneys in his hands.

*Charles Blandy*, for the appellant.

*A. Walker Otis*, for the respondent.

Daniels, J.:

The assignment to the defendant Eppley was made by Philip Howe for the benefit of his creditors. It was set aside as fraudulent upon trial at the Special Term, and a reference directed to take and state the accounts of the person named as assignee in the assignment. That was done by the referee and his report thereupon made to the court. It was brought up for consideration and confirmation, before the Special Term, held at chambers in the city of New York. An objection was taken on the part of the appellant that the motion to confirm the report should be made at a Special Term for enumerated motions, and not at the Special Term held at chambers. This objection was overruled, and the court heard and disposed of the application. In that there was no error, for the judge presiding at the hearing had the power, if he was disposed to exercise it, to entertain the application and to hear and decide it as he did. (*People ex rel. Mayor, etc., v. Nichols,* 79 N. Y., 583, 589, 590.)

The objection principally made to the confirmation of the referee's report was on account of the disallowance by him of a specific compensation claimed by the appellant, as assignee under the assignment, for the sum of two hundred and fifty or three hundred dollars stipulated to be paid to him by the assignor in case he would accept the assignment and act as assignee. Upon the hearing of the motion he was allowed commissions, amounting to the sum of ninety-nine dollars and eight cents, and the court rejected the sum claimed by

the assignee under this agreement; and that was properly done, for the law has fixed the compensation which a person shall receive as assignee under a general assignment for the benefit of creditors. That is the extent to which it has been deemed proper or judicious to allow the assigned estate to be charged, and the assignor had no authority to charge it further for the payment of compensation to the assignee to the prejudice of his creditors. If he could bind the estate by agreeing for a moderate sum he could for a large amount, and in that manner dispose of his property in a way not permitted by the laws of the State. What he was authorized to do was to execute and deliver a general assignment in good faith for the benefit of his creditors, leaving the compensation of the assignee to be adjusted as that had been provided for by the legislature. He could do no more than that, and to have attempted it in the assignment itself would probably have rendered that instrument invalid, by reason of that circumstance, if it had not been for any other cause. This subject was considered in *Matter of Hulburt* (89 N. Y., 259), where such an agreement, as is relied upon in this case, came up for decision and was disapproved by the court. If the assignee is entitled to anything beyond his legal commission, he must look to the assignor individually for the difference. Many other objections have been presented to sustain the appeal, but they do not require special consideration for the reason that the stipulation of the parties, as well as their rights and interests, have been limited to these two points.

The order and direction which was made by the court were fully authorized and proceeded, as far as the nature of the case required it should go, and it should be affirmed, with ten dollars costs, besides the disbursements.

BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.