## In re LITTELL's ESTATE.

*(Common Pleas of New York City and County, General Term.* November 7, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—ATTORNEY'S FEES.

　　Where the necessity for the employment of counsel by an assignee for benefit of creditors does not arise until after the assignee has filed his accounts, leave should be granted to the assignee to submit to the court, at special term, proof by affidavit of the reasonableness of the counsel fee sought to be charged, to which affidavit objecting creditors should be permitted to reply.

Appeal from special term.

An appeal by Henry Aplington, as assignee of George M. D. Littell and Marion W. Littell, from that part of an order confirming the referee's report upon his accounting which disallows $250, part of the fee paid to his counsel.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Nelson Smith*, for appellant. *James M. Hunt*, for respondent.

BISCHOFF, J. The assignee having filed his account, Cortlandt B. Littell, a creditor, objected thereto, and insisted that the assignee should be charged with the sum of $2,583.70, the amount of certain penalties alleged to have accrued to the assignor from the Importers' & Traders' National Bank, under sections 5197 and 5198 of the Revised Statutes of the United States; it having been alleged that such bank had exacted the payment of usurious interest from the assignors. A reference was ordered; and, the referee having duly made his report disallowing the creditor Littell's claim that the assignee's account should be charged with said $2,583.70, an application was made at special term for the confirmation thereof, and said report was duly confirmed. Upon the hearing of the application to confirm the report, the assignee asked to be allowed, out of the balance remaining in his hands at the time of the filing of his account, the amount of his commissions, the amount of the referee's and the stenographer's fees upon the accounting, and the sum of $500

alleged to have been paid by him for the reasonable and necessary fees of his counsel for services rendered since the filing of the account.' To the allowance of the item for counsel fees creditor Littell objected, on the ground that the same was excessive, and the court disallowed $250 thereof, against the protest of the assignee, and, as appellant contends, without regard to his request to be permitted, in such manner as the court might direct, to establish by proof the necessity for the employment of counsel and the reasonableness of the sum alleged to have been paid for counsel fees. Thereupon the assignee appealed from so much of the order confirming said referee's report as disallows the sum of $250, part of the counsel fee alleged to have been paid, as aforesaid.

The right of an assignee to employ counsel in matters growing out of the administration of the trust-estate committed to his care, and to pay counsel fees out of such estate whenever the employment of counsel is reasonably necessary, is unquestioned. *In re Wolf*, 1 N. Y. St. Rep. 273; *In re Levy*, 1 Abb. N. C. 182. The facts clearly justified the employment of counsel by the assignee, and I do not understand the objection on the part of creditor Littell to the allowance of the sum alleged to have been paid by the assignee for counsel fees to extend further than to the reasonableness of the sum paid. I think, however, that the learned justice at special term erred in his refusal to permit the assignee to show such reasonableness by proof of the value of the services rendered. While the court, from the proceedings before it and the intricacy of the questions raised upon the accounting, could have determined the necessity for the employment of counsel, it could not have taken judicial notice of the value of services of counsel, and could not have determined the value of the same in the absence of proof, without assuming the dual character of court and witness. In *Re Hulbert*, 10 Abb. N. C. 284, affirmed, 89 N. Y. 259, the direction of the court that the value of services of counsel should be ascertained by a reference for that purpose upon the application by the assignee for the allowance of counsel fees was sustained, and the court says that, "when it comes to the charge of a counsel fee upon an accounting, then the referee should have some evidence which he can submit to the court going to show that the charge in respect to the accounting is a reasonable and proper one. We think, therefore, that in that respect there should have been a reference back to the referee, to take proof in regard to the value of the counsel's services upon such accounting, and that the counsel should have been allowed in this proceeding the value of such services, without taking into consideration, in view of the facts of this case, any amount which he had received during the course of the administration." In the present case, the necessity for the employment of counsel did not arise until after the assignee had filed his account; and the value of the services of counsel, rendered necessary by the creditor's objection to the account, could not well have been a matter for the consideration of the referee upon the accounting, since the extent of such services was not ascertainable at that time. The court, might, with propriety, have refused to direct a reference to ascertain the reasonableness of the counsel fee alleged to have been paid by the assignee, and thus avoided the subjection of the trust-estate to additional burdens; and this was probably all that was intended by the judge at special term, although the language of the order appealed from will bear a different construction. Leave should have been granted to the appellant to submit proof by affidavit of the reasonableness of the counsel fee sought to be charged.

That part of the order confirming the referee's report which disallows a part of the counsel fee alleged to have been paid by the assignee should be reversed, with costs, and with leave to appellant to submit to this court at special term proof by affidavit of the reasonableness of the sum alleged to have been paid, to which affidavit the respondent should be permitted to reply.