### McCREA v. SCOFIELD.

(Supreme Court, Appellate Term. January 7, 1904.)

1. ATTORNEY AND CLIENT—SERVICES—COMPENSATION.
   An attorney's right of action for compensation does not accrue until his relation as attorney in the suit has terminated.
2. SAME—STATUTE OF LIMITATIONS.
   The statute of limitations does not begin to run against an attorney's claim for compensation until the termination of his relation as attorney in the suit.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William G. McCrea against Cyrus Scofield. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Appell & Taylor (Ernest Hall and George H. Taylor, Jr., of counsel), for appellant.

William G. McCrea, for respondent.

GREENBAUM, J. This action was for legal services. The recovery was limited to services rendered in the suits of Scofield against Kreiser and Scofield against Valentini, and it is conceded that both of these actions are still pending and undetermined, and that no service has been rendered in either of them for upwards of six years prior to the commencement of this action. The answer sets up the six-year statute of limitations. The refusal of the court to dismiss the complaint upon plaintiff's motion, at the conclusion of plaintiff's case, and at the close of the entire case, to which due exceptions were taken, brings up for review the right to any recovery.

The motion to dismiss was made upon the grounds that plaintiff had failed to establish a cause of action, and that any claim that he had was barred by the statute of limitations. The law governing the right of an attorney to compensation is stated in Bathgate v. Haskin, 59 N. Y. 535, as follows:

"The authority of an attorney who is employed to prosecute or defend a suit, in the absence of special circumstances, continues, by virtue of his original retainer, until it is finally determined. The contract of the attorney

is entire, and the service he is to render is essentially single, although it may require distinct steps and proceedings on his part before the purpose of the employment is fully accomplished. No right of action accrues for each successive service in progress of the cause, and the statute does not begin to run against his claim for compensation until his relation as attorney in the suit has terminated."

See, also, Clarkson v. Young (City Ct. Brook.) 11 N. Y. Supp. 563.

From the foregoing citation it follows that from the facts here appearing the plaintiff had no right of action, because he admittedly had not yet terminated his relationship of attorney in the suits which he sought to recover compensation.

It is clear that, if by any possibility which has not been made apparent it could be claimed that plaintiff was entitled to recover for services rendered in the two suits, then the bar of the statute of limitations would defeat a recovery, for the reason that more than six years have elapsed since the rendition of any services in those suits. In either aspect of the matter it is plain that the motion to dismiss the complaint should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.