## STALWORTH *vs.* BLUM.

[BILL IN EQUITY FOR REDEMPTION, CANCELLATION OF MORTGAGE, &c.]

1. *Construction of stipulation in mortgage, as to terms of payment.*—A provision in a mortgage, reserving to the mortgagor "the right to pay all, or any part of said indebtedness, at any time during the present year (1863), in current paper funds," does not restrict him to a single payment of the entire amount due, but authorizes partial payments at different times during the year; and such payments might be made, under that stipulation, in treasury-notes of the Confederate States, notwithstanding their great depreciation.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 2d April, 1864, by Mrs. Theresa Blum, suing by her next friend, against Thomas B. Stalworth; and sought the cancellation of a mortgage, a redemption of the mortgaged premises, an account, and general relief. The mortgage, which was made an exhibit to the bill, was dated the 13th March, 1863, and contained the following stipulations: "In trust and confidence, however, and upon the following condition—that whereas I am indebted to the said Stalworth, in the sum of three thousand dollars, and interest, according to the tenor and effect of three promissory notes made by me in his favor, all bearing even date herewith, negotiable and payable in gold or silver còin, with interest from date, at the Bank of Mobile; one due one year after date, and one due two years after date, and one due three years after date: Now, if I, the said Theresa, shall well and truly pay said notes at maturity, according to the tenor and effect thereof, then, and in that case, this conveyance to be void; this instrument being intended as a mortgage to secure said debt only. And it is further understood and agreed, by these presents, that I, the said Theresa, *retains* and *has* the right, as by agreement with said Stalworth, to pay all, or

any part of said indebtedness, at any time during the present year, in current paper funds, and thereby stop the interest; and in case all of said debt is so paid during this year, then this instrument to be void; it being further understood herein, that all payments made after this year *is* to be in gold and silver, according to the tenor and effect of said notes." The bill alleged, that the complainant paid two of the secured notes, on the 20th July, 1863, in Confederate States treasury-notes; that the payment was accepted by Stalworth, and the two notes were delivered up; that in the latter part of December, 1863, the complainant made several ineffectual efforts to find said Stalworth, for the purpose of tendering to him the amount due on the last note, and did not succeed in seeing him until the 31st; that she then tendered to him, in treasury-notes of the Confederate States, which were at that time current, the full amount due on said note, and demanded the surrender of said note, and the cancellation of said mortgage; that the defendant refused to accept the money, or to deliver up the note, and insisted on payment in gold or silver; and that the complainant was "ready to pay said money, principal and interest, into court, or to abide such other order as the court may make in the premises."

The defendant answered the bill, denying that a sufficient tender was made on the 31st December, and insisting on his right to demand payment in gold or silver.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, and ordered an account to be taken by the master, to ascertain the specie value of Confederate States treasury-notes on the 31st December, 1863. The master reported the amount due on the last note, on the 31st December, 1863, to be fifty-nine 12-100 dollars in specie; and his report was confirmed, without exception by either party. The chancellor then rendered a final decree, requiring the complainant to pay into court, within thirty days, the amount reported to be due on the last note, with interest thereon; and requiring the defendant, on being notified of such payment by the register, to deliver up the mortgage and note for cancella-

Stalworth v. Blum.

tion, and to enter satisfaction of the mortgage on the record. The chancellor's decree is now assigned as error.

E. S. DARGAN, for appellant.

A. J. WALKER, C. J.—The learned counsel for the appellant assails the correctness of the decree of the court below, upon the two following grounds: 1st, that the agreement between the parties did not secure to the appellee the right to pay all the notes, at different times during the year 1863, in current paper funds; and, 2d, that paper so much below par as that which the appellee tendered, could not properly be said to be "current." The first ground taken in argument is sufficiently answered by the language of the agreement itself. It secures a right "to pay all, or any part of said indebtedness, at any time during the present year (1863), in current paper funds." We think it would be an entire perversion of this agreement, to hold that the privilege of payment was restricted to a single occasion, and was exhausted by a single act of payment. The adjective "current," when qualifying money, is not the synonym of "convertible." It is employed to describe money which passes from hand to hand, from person to person, and circulates through the community, and is generally received. Money is current, which is received as money in the common business transactions, and is the common medium in barter and trade.—*Haynes v. Wheat & Fennell*, 9 Ala. 239; *Aicardi v. Robbins*, in manuscript. We therefore decide, that the money tendered by the appellee was, under the evidence, current money.

We find no error in the decree of the court below, and it is therefore affirmed.