## UNITED STATES *v.* VAN AUKEN.

Under the second section of the act of Congress approved July 17, 1862 (12 Stat. 592), which declares that "no private corporation, banking association, firm, or individual shall make, issue, circulate, or pay out any note, check, memorandum, token, or other obligation, for a less sum than one dollar, intended to circulate as money, or to be received or used in lieu of lawful money of the United States," A. was indicted for circulating obligations in the following form: —

"BANGOR, MICH., Aug. 15, 1874.

"The Bangor Furnace Company will pay the bearer, on demand, fifty cents, in goods, at their store, in Bangor, Mich.

(Signed)        "A. B. HOUGH, *Pres.*
                   "CHAS. D. RHODER, *Treas.*"

The indictment charged that he intended them to circulate as money, and to be received and used in lieu of lawful money of the United States. *Held,* that, as the obligations were payable in goods and not in money, and the sum of fifty cents was named merely as the limit of the value of the goods demandable, the indictment was bad on demurrer.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the Western District of Michigan.

The facts are stated in the opinion of the court.

*The Attorney-General* and *Mr. Assistant-Attorney-General Smith* for the United States.

*Mr. George W. Lawton, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

The act of Congress of July 17, 1862, sect. 2 (12 Stat. 592; Rev. Stat. 711, sect. 3583), declares that " no private corporation, banking association, firm, or individual shall make, issue, circulate, or pay out any note, check, memorandum, token, or other obligation, for a less sum than one dollar; intended to circulate as money, or to be received or used in lieu of lawful money of the United States," and denounces as a penalty for the offence fine or imprisonment, or both.

Van Auken was indicted under this act for circulating the " obligations " of the Bangor Furnace Company, a corporation created by and under the laws of the State of Michigan, which obligations are alleged to be *in hœc verba : —*

"BANGOR, MICH., Aug. 15, 1874.

" The Bangor Furnace Company will pay the bearer, on demand, fifty cents, in goods, at their store, in Bangor, Mich.

(Signed)        "A. B. HOUGH, *Pres.*

               "CHAS. D. RHODER, *Treas.*"

" Each of which said obligations was for a less sum than one dollar, and was intended by the said Aaron Van Auken to circulate as money, and to be received in lieu of lawful money of the United States, contrary," &c.

Van Auken demurred to the indictment. The opinions of the judges of the Circuit Court were divided and opposed upon two questions, which were thereupon certified to this court for final determination : —

1. Whether the obligation set forth in the indictment is within any valid statute of the United States.

2. Whether the statute under which the indictment was found is constitutional.

The solution of the first question depends upon the construction to be given to the words " for a less sum than one dollar." The object of the provision was obviously to secure, as far as possible, the field for the circulation of stamps, as provided in the preceding section, without competition from any quarter. This currency was superseded by the fractional notes authorized to be issued by the act of March 3, 1863, sect. 4 (12 Stat. 711). Small notes payable in any specific articles, if issued, could

have only a neighborhood circulation, and but a limited one there. It could be but little in the way of the stamps or small notes issued for the purposes of circulating change by the United States. Congress could, therefore, have had little or no motive to interfere with respect to the former. This must be borne in mind in the examination of the question in hand.

A dollar is the unit of our currency. It always means money, or what is regarded as money. In this case, the statute makes it the standard of measure with reference to the forbidden notes and obligations. If one of them be for a larger " sum than one dollar," it is not within the prohibition, and is not affected by the law. It is a fair, if not a necessary, inference, that the standard of measurement named was intended to be applied only to things *ejusdem generis ;* in other words, to notes for money, and to nothing else.

It is certainly inapplicable to any thing not measurable by the pecuniary standard. It could not be applied where the measurement was to be, *ex gratia,* by the pound, the gallon, the yard, or any other standard than money. This view is supported by the statutory requirement that the forbidden thing must be " intended to circulate as money, or to be received or used in lieu of the lawful money of the United States." One of the lexical definitions of the word " sum," and the sense in which it is most commonly used, is " money." " Sum. (2.) A quantity of money or currency; any amount indefinitely, as a sum of money, a small sum, or a large sum." Webster's Dic. " For a less sum than one dollar " means exactly the same thing as for a less sum of money than one dollar. In the former case there is an ellipsis. In the latter, it is supplied. The implication where the omission occurs is as clear and effectual as the expression where the latter is added. The grammatical construction and the obvious meaning are the same. The statute makes the offence to consist of two ingredients : 1. The token or obligation must be for a less sum than a dollar. 2. It must be intended to circulate as money, or in lieu of the money of the United States. Here the note is for " goods," to be paid at the store of the Furnace Company. It is not payable in money, but in goods, and in goods only. No money could be demanded upon it. It is not solvable in that medium. *Wat-*

*son* v. *McNairy*, 1 Bibb, 356. The sum of "fifty cents" is named, but merely as the limit of the value in goods demandable and to be paid upon the presentment of the note. Its mention was for no other purpose, and has no other effect. In the view of the law, the note is as if it called for so many pounds, yards, or quarts of a specific article. The limit of value, there being none other, gave the holder a range of choice as to the articles to be received in payment, limited only by the contents of the store.

But it is said the indictment avers that the note was intended to circulate as money, and that the demurrer admits the truth of the averment.

To this there are two answers:—

1. The demurrer admits only what is well pleaded.

2. The offence, as we have shown, consists of two elements: the thing circulated, and the intent of the party circulating it.

The demurrer, at most, admits only the latter. As to the former, the judgment of the court is left unfettered, just as if the question before us had been raised by a motion to quash, instead of a demurrer.

The first question certified must be answered in the negative. The second one it is, therefore, unnecessary to consider.

Mr. Justice Miller dissented.