UNITED STATES *v.* WHITE, Receiver, etc.

*(Circuit Court, N. D. New York.* March 13, 1884.)

TAXATION—NOTES USED FOR CIRCULATION—NOTES REDEEMABLE IN GOODS.

The tax imposed by the act of congress of February 8, 1875, § 19, upon "notes used for circulation," is a charge upon such notes only as are intended to circulate as money. The act bears no reference to the so-called notes issued by mercantile firms to be redeemed in goods.

At Law.

*Martin I. Townsend,* U. S. Atty., for the United States.

*John L. White,* for defendant.

WALLACE, J. This is a writ of error to the district court for the Northern district of New York, brought to review a judgment of that court in favor of the defendant. The first question presented by the bill of exceptions is whether certain obligations issued by the firm of Aldrich, Sweetland & Co. are liable to taxation under section 19 of the act of congress of February 8, 1875, entitled "An act to amend existing customs and internal revenue laws, and for other purposes." Section 19 reads as follows:

"Every person, firm, or association other than national bank associations, and every corporation, state bank, or state banking association, shall pay a tax of ten per centum on the amount of their own notes used for circulation, and paid out by them."

The firm of Aldrich, Sweetland & Co., merchants, had issued, paid out, and put into circulation, in the neighborhood of their place of business, their obligations or promises to pay in goods at their store, varying in amount from 5 cents to $5 each, and amounting in the aggregate to nearly $5,000, in form as follows: "Due the bearer one dollar in goods at our store. Kennedy, N. Y., Oct. 14, 1878. ALDRICH, SWEETLAND & Co."

If the meaning of the term, "notes used for circulation," could not be satisfactorily ascertained by a reference to other acts of congress *in pari materia,* the question presented would be a more doubtful one, because, although such promises to pay are not negotiable notes, inasmuch as they are not payable in money, they are notes within the generally-accepted meaning of the word. A literal reading of the section would subject to taxation every note an individual might execute and deliver, unless there is some special meaning to the term, "used for circulation;" yet no one would contend that the section was designed to have this extended application. More especially would such a construction be a startling one, in view of the provisions of section 20 of the same act, which imposes a tax of 10 per centum on the notes of any person, firm, or corporation used for circulation by all other persons, firms, and corporations. It is not to be supposed that congress intended by the act in question to subject all promissory notes circulating in the business of the country to a tax of 10

per centum—a tax double that imposed in 1862 to meet the exigencies of the war to preserve the Union. It is therefore necessary to look for some more restricted meaning of the term, "notes used for circulation." That meaning may be found by a reference to other provisions in the laws of congress *in pari materia*, which, upon familiar rules of construction, should always be considered in solving questions of interpretation of statutes. By such reference it will appear that "notes used in circulation," "circulating notes," and "circulation," as that word is used in relation to the instrumentalities of banking operations, are equivalent and synonymous terms.

Section 21 of the act in question provides how the tax imposed by section 19 shall be returned and collected, and, instead of the words "notes used in circulation," uses the words, "circulating notes." The context of the three sections, 19, 20, and 21, shows plainly that the taxes, within the contemplation of congress and the subject-matter of the legislation, are those relating to banking capital in the hands of corporations and individuals. According to the scheme of the existing internal revenue laws, those taxes are imposed not only on the capital directly employed, but also upon the deposits and circulation incident to banking operations. The word "circulation," in this connection, is defined by the lexicographers as "currency; or circulating notes or bills current for coin." Webster. That this is the subject of taxation in the sections in question is obvious, because these sections in the act of 1875 are a substitute for the pre-existing provisions of law, respecting the taxation of banks and bankers, as found in the third clause of section 3408, Rev. St. That clause imposed a tax of "one twenty-fourth of one per centum each month upon the average amount of circulation issued by any bank, association, corporation, company, or person, *including as circulation* all certified checks and *all notes or other obligations calculated or intended to circulate or to be used as money.*" In lieu of the tax of one twenty-fourth of one per centum a month, upon notes "calculated or intended to circulate for money," thus imposed, the act of 1875 imposes a tax of ten per cent. per annum on "notes used for circulation." Both the earlier and the later law deal with the same persons, and the same subject of taxation; but the later act, in harmony with the general legislation of congress since, lightens the burden imposed. It thus seems clear that the "notes used for circulation," taxed by the act of 1875, are notes calculated or intended to circulate for money. That obligations or notes of the character put forth by the makers here are not obligations intended to circulate as money was distinctly held by the supreme court in *U. S.* v. *Van Auken*, 96 U. S. 366. In that case the defendant was indicted for paying out and circulating similar obligations, under an act of congress declaring that no private corporation, firm, or individual, should make, issue, circulate or pay out any note or other obligation for a less sum than one dollar, *intended to circulate as money,* and the court decided that, as such obligations were not

solvable in money, but only in goods, there was no offense within the meaning of the statute.

As the obligations in question were not circulating notes, or notes used for circulation, as that term is used in the act imposing the tax, it is unnecessary to consider the other questions which are presented by the bill of exceptions, and the judgment of the court below is affirmed.

———

Only negotiable promissory notes payable in money are subject to taxation as "notes used for circulation." *Hollister* v. *Zion's Co-operative Mercantile Inst.* 4 Sup. Ct. Rep. 263.—[ED.