UNITED STATES v. ROUSSOPULOUS.

(District Court, D. Minnesota, Third Division. April 24, 1899.)

COUNTERFEITING—TOKENS INTENDED TO CIRCULATE AS MONEY.

Circular metal tokens, which, though of similar color, differ in size, and wholly in design from any coin of the United States, and are only from one-sixth to one-fifth the weight of the coin the nearest the same size, and which do not purport to be money, or obligations to pay money, but contain the names of business concerns, with the statement that they are good for a certain value in merchandise, are not tokens in the likeness and similitude of coins of the United States, nor intended to circulate as money, and to be received and used in lieu of lawful money, within the prohibition of Rev. St. §§ 3583, 5462, or of the act of February 10, 1891.

On Demurrer to Information.

Milton D. Purdy, Asst. U. S. Atty.
J. M. Hawthorne, for defendant.

LOCHREN, District Judge. The defendant demurs generally to the information in this case, the first four counts of which charge that the defendant, at the time and place stated, did make and issue tokens and obligations of metal, each for a sum less than one dollar, intended to circulate as money, and to be received and used in lieu of lawful money of the United States. Two additional counts charge that the defendant, at the same time and place, did make

and cause to be made, and have in his possession, with intent to sell and give away, business tokens of metal, in likeness and similitude, as to design, color, and inscription thereon, of the silver coin in one instance and gold coin in the other, of the United States, of specified denominations. Each count in the information contains the representation of an impression of each of the sides of the metal token described in that count. It thus appears upon the face of the information that the metal token described in the first count is circular in form, a little smaller than the half-dollar silver coin of the United States, and on one side bears the raised inscription, "Clark & Boice Lumber Co. 1898. Jefferson Texas," and on the other side, "Good for 50c in Merchandise." Its weight is alleged to be 27 grains troy weight, which is less than one-fifth the weight of the half-dollar coin, which is the nearest to it in size of any coin of the United States. It differs in its devices and inscriptions plainly from all coins of the United States, and is not liable to be mistaken for any of them, even by careless or illiterate persons. It does not purport to be a piece of money, or an obligation to pay money, and the obligation expressed is in terms solvable in merchandise. It cannot, therefore, have been intended to circulate as money, or to be received and used in lieu of lawful money, and does not come within the prohibition of section 3583, Rev. St. U. S. U. S. v. Van Auken, 96 U. S. 366. The same reasons lead to the like conclusion in respect to the tokens described in the other counts of the information. Neither do any of these tokens come within the provisions of section 5462, Rev. St. U. S., which also applies only to tokens intended to be used as money. The fifth count describes a metal token, circular in form, and a trifle larger than the half-dollar silver coin of the United States, which on one side bears the raised inscription, "A. M. Adler, Wagon Mound, New Mex.," and on the other side, "Good for $1.00 in Merchandise." Its weight is alleged to be 47 grains troy weight. This does not support the averment that it is in the likeness and similitude of the silver coin of the United States called a silver dollar, which is much larger than this token, and more than six times as heavy; and with no similarity in device or inscription. It does not, therefore, come within the prohibition of the act of February 10, 1891. And like reasons apply to the metal token described in the sixth count of the information. The demurrer is therefore sustained, and judgment will be entered discharging the defendant.