DONOVAN ET AL., RESPONDENTS, *v.* JENKINS, APPELLANT.

(No. 3,607.)

(Submitted February 15, 1916. Decided March 4, 1916.)

[155 Pac. 972.]

*Attorneys—Contract of Employment—Construction—Fee—Payment in Money—"Costs and Charges."*

Attorneys—Contract of Employment—Compensation—Time of Payment.
   1.   Where attorneys were employed to foreclose a mortgage, the fee to be one-half of the amount recovered, they were entitled to their compensation only on the date their client's lien was on appeal finally determined to be superior to a claim to the property set up under a sheriff's deed.

Same—Fees—Payment in Money.
   2. Attorneys who agreed to foreclose a mortgage for "a sum equal to one-half of the net profit" plaintiff might recover were entitled to

their compensation in money, and were not required to accept an interest in the property in lieu thereof.

Same—Contract of Employment—Fee—"Costs and Charges"—Deduction.

3. *Held,* that a clause of the contract referred to above, which provided that before making division of the sum recovered, plaintiffs' client might deduct any "costs or charges" paid by her, included court costs only, and not taxes, repairs and the like.

Same—Compensation—Deductions.

4. Rents collected by plaintiffs from tenants of the property pending foreclosure the mortgage they were to secure under the contract above mentioned, were properly chargeable to them and deducted from their proportion of the amount recovered.

Same—Contract of Employment—Construction.

5. Where a mortgagee in her contract of employment with a firm of attorneys reserved in herself the right to employ another attorney to assist in a foreclosure proceeding, with the understanding that, in the event she exercised her option, such attorney should receive one-half of the sum otherwise to be paid to the firm, and the attorney was employed, the firm was entitled to only one-fourth of the recovery.

[As to contracts between attorney and client, see note in 83 Am. St. Rep. 159.]

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Louis P. Donovan and another against Mary Jenkins. From a judgment for plaintiffs and an order refusing her a new trial, defendant appeals. Modified and affirmed.

*Mr. W. D. Kyle* and *Mr. S. T. Hogevoll,* for Appellant, submitted a brief and one in reply to that of Respondents; *Mr. Kyle* argued the cause orally.

*Mr. Peter Breen* and *Mr. Timothy F. Nolan,* for Respondents, submitted a brief; *Mr. Nolan* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In February, 1908, an instrument in writing was executed as follows:

"This agreement, made and entered into by and between Mary Jenkins, as party of the first part, and Donovan & Melzner, as parties of the second part, as follows: The said Mary Jenkins is to employ Donovan & Melzner as her attorneys to fore-

close a mortgage against Mrs. Celia Davidson and others, on these terms: The said attorneys are to receive no compensation for their services, except a sum equal to one-half of the net profit, or one-half of such a sum as Mary Jenkins may recover, and one-half of the attorney fees allowed by the court, but any costs or charges that Mary Jenkins has advanced shall be subtracted from the same and paid back to her, and thereafter she will allow the said attorneys the said one-half. Mary Jenkins agrees to pay the filing fees and service of summons and other necessary court expenses.

"It is understood and agreed, that any expenses incurred by the lawyers in going to Helena and other places are not to be borne by Mary Jenkins. The only expenses to be paid by her are such actual cash money as may be necessary to pay out by order of the court.

"Mary Jenkins reserves to herself the right to engage the firm of Maury, Templeman & Hogevoll, or Maury, or Templeman, or Hogevoll, and when she so does the said firm of Donovan & Melzner is to allow them one-half of the sums otherwise payable to the firm of Donovan & Melzner.

"MARY JENKINS.
"MAURY, TEMPLEMAN & HOGEVOLL,
"DONOVAN & MELZNER."

Mrs. Jenkins exercised the right reserved to her and employed Mr. Hogevoll, mentioned in the contract, as her attorney, and he, with Donovan & Melzner, prepared the complaint in the foreclosure suit, prosecuted the suit to trial, secured a decree as against the mortgagor, had the property sold and purchased by Mrs. Jenkins. Carrie May Carroll claimed an interest in the property and was made a defendant. The history of her claim and the controversy over it will be found recited at length in *Jenkins* v. *Carroll*, 42 Mont. 302, 112 Pac. 1064, and need not be repeated. A second trial as against the Carroll claim was had and a decree rendered which established the priority of the Jenkins mortgage. Defendant Carroll attempted a second appeal, but the appeal was dismissed. (*Jenkins* v. *Carroll*, 46

Mont. 607, 131 Pac. 1196.)    The present action was brought by Donovan & Melzner to recover from Mrs. Jenkins the attorney's fee to which they deemed themselves entitled under the contract above.    The only questions of consequence arise over the proper construction of that instrument.    Unfortunately the meaning of its obscure phrases cannot be determined with mathematical precision.

1. The date upon which plaintiffs were entitled to their fee is of passing importance only.    It determines the time from which [1]   interest upon their award is to be computed.    We think the trial court fixed that date correctly as the time when the Jenkins mortgage was finally determined to be superior to the Carroll claim.    Had the Carroll claim been adjudged superior, Mrs. Jenkins would not have realized anything from the foreclosure suit, and consequently plaintiffs would not have been entitled to anything.    They made their fee contingent upon Mrs. Jenkins realizing from the suit, and that contingency became a certainty only when the Carroll claim was finally defeated.

2. The trial court was clearly correct in holding that the [2]   plaintiffs are entitled to their compensation in money and are not compelled to accept an interest in the property, the subject of the foreclosure suit.    The word "sum," used in the contract to define the character of plaintiffs' compensation, refers to money, and not to an interest in real property.    (7 Words & Phrases, 6784; *In re Hulburt,* 89 N. Y. 259; *United States* v. *Van Auken,* 96 U. S. 366, 24 L. Ed. 852.)

3. The "costs or charges" which Mrs. Jenkins is entitled to [3]   deduct before any division is made with the attorneys refer to court costs, as held by the district court, and do not include taxes, repairs and like expenses.    This seems to be made as plain as anything else in this somewhat remarkable agreement drafted by Mr. Hogevoll.    The contract provides: "Mary Jenkins agrees to pay the filing fees and service of summons and other necessary court expenses."    Again, after indicating certain traveling expenses and other like costs for which Mrs. Jenkins should not be held responsible, it provides, "The only

expenses to be paid by her are such actual cash money as may be necessary to pay out by order of the court," and the costs and charges to be deducted are those, and those only, for which Mrs. Jenkins is made liable under the terms of the contract itself.

4. The court was likewise correct in charging these plaintiffs [4] with $225 collected by them in rental from Mrs. Jenkins' property. Their objection to being held for this amount, admittedly collected, is based upon a super-refined technicality too shadowy to be appreciated by us.

5. The principal question arises over the proportion of the amount to which plaintiffs are entitled. The trial court rightly gauged the amount of their recovery by the value of [5] the property at the time their interest accrued—October 28, 1912—but in our opinion erred in determining their proportion to be one-half of that value less the amount of costs paid out by defendant. The court evidently accepted the theory advanced by plaintiffs upon appeal, *viz.*, that they became liable under the contract to settle with Hogevoll for whatever fee he would be entitled to claim, in the event Mrs. Jenkins exercised her right of election and employed him, and that their right to one-half is absolute in the first instance and subject only to the claim which Hogevoll might make upon *them*. We are unable to appreciate this contention. The contract does not authorize Donovan & Melzner to employ Hogevoll, but specifically reserves to Mrs. Jenkins the right to secure his services if she chose to do so. His employment created no contract relationship between him and Donovan & Melzner. He was employed by Mrs. Jenkins and could rightly look to her for his fee. The contract does fix the amount of his compensation in the event he should be employed, and designates the fund which otherwise would go to Donovan & Melzner exclusively, as the particular fund from which his fee should be derived; but it does not create any liability upon the part of Donovan & Melzner to pay him or authorize them to sue for or recover his proportional share. By exercising her right of election, Mrs. Jenkin made Hogevoll

her attorney, and, if the services he rendered were satisfactory to her, no one can complain. The contract does not provide that he should do one-half of the work in the event he was employed; his counsel may have been deemed of sufficient value to warrant his retainer and to justify the liberal fee allowed him. These plaintiffs bound themselves to be satisfied with a one-fourth interest in the event Hogevoll was employed, and, since he was employed, they must abide their contract.

The evidence is sufficient to justify the trial court's finding that the property was of the value of $2,750. This amount, less $187.85 costs and charges paid out by Mrs. Jenkins, divided by 4, gives the quotient $640.54, and this sum, less $225 chargeable to the plaintiffs for rents collected by them, is the amount for which judgment should have been rendered.

The order refusing defendant a new trial is affirmed. The cause is remanded, with directions to the district court to modify the judgment by reducing the amount thereof to $415.54, with interest thereon from October 28, 1912, and for plaintiffs' costs. Appellant will recover one-half of her costs of appeal.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.