ANCHORAGE CENTENNIAL DEVELOP-
MENT COMPANY, a non-profit corpora-
tion, d/b/a Anchorage Centennial Commis-
sion, Appellant,

v.

VAN WORMER & RODRIGUES, INC.,
Appellee.

VAN WORMER & RODRIGUES, INC.,
Cross-Appellant,

v.

ANCHORAGE CENTENNIAL DEVELOP-
MENT COMPANY, a non-profit corpora-
tion, d/b/a Anchorage Centennial Commis-
sion, Cross-Appellee.

Nos. 899, 903.

Supreme Court of Alaska.

July 23, 1968.

Sidney R. Bixler, Ely, Guess, Rudd & Havelock, Robert C. Ely, Theodore E. Fleischer, Anchorage, for appellant.

Warren W. Matthews, Jr., Burr, Boney & Pease, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

In conjunction with the statewide celebration of the one hundredth anniversary of the purchase of Alaska from Russia, the Anchorage Centennial Commission contracted with Van Wormer & Rodrigues, Inc. to buy 50,000 gold-colored metal coins. After Van Wormer had partially completed the order, the commission notified Van Wormer that it was terminating the contract. Thereafter, Van Wormer sued the commission and, in the main, prevailed after trial to the court.

The primary issue in the case at bar at both the trial and appellate levels stems from the commission's contention that the subject matter encompassed in the parties' contract was illegal, and therefore the commission had a dual right to cancel the contract and to be relieved of any obligations under its terms. The commission bases its assertions of illegality upon two provisions of the federal law. The first of these sections, 18 U.S.C.A. § 486 (1948) provides that:

> Whoever, except as authorized by law, makes or utters or passes, or attempts to utter or pass, any coins of gold or silver or other metal, or alloys of metals, intended for use as current money, whether in the resemblance of coins of the United States or of foreign countries, or of original design, shall be fined not more than $3,000 or imprisoned not more than five years, or both.

The commission, in support of its defense of illegality, additionally relies upon 18 U.S.C.A. § 491(a) (1966) which provides in part that:

> Whoever, being 18 years of age or over, not lawfully authorized, makes, issues, or passes any coin, card, token, or device in metal, or its compounds, intended to be used as money * * * shall be fined not more than $1,000, or imprisoned not more than one year, or both.

In his conclusions of law the trial judge determined that the commission had failed to prove that the contract in question was illegal and thus unenforceable. Our study of the case has led us to the conclusion that the trial court's resolution of this primary issue was not erroneous. Central to the trial court's disposition was its finding that Van Wormer

> had no knowledge as to the intent of * * * [the commission] in distributing the coins with respect to whether or not the coins would be sold or given away as advertising devices or as to whether or not the coins would be exchangeable for currency or for goods and services alone.

This finding of fact is not clearly erroneous.[1] Since none of the officers or employees of Van Wormer possessed any knowledge as to the intended use of the 50,000 centennial coins, the trial court correctly ruled that the commission's evidence fell short of proving a necessary prerequisite to illegality under either section 486 or section 491(a) of title 18 U.S.C.A.

In essence, we affirm the trial court's ruling that before the contract could be declared illegal under either section 486 or 491(a),·the commission had the burden of persuading the court, as trier of fact, that Van Wormer either intended, or had knowledge that the commission intended, that the coins in question be used as "current money." In the commission's initial correspondence with Van Wormer, the commission, as buyer, furnished to Van Wormer its own specifications for both the

1. In Associated Eng'rs & Contractors, Inc. v. H & W Constr. Co., 438 P.2d 224, 227 n. 2 (Alaska 1968), we collected our prior precedents in which Civ.R. 52 (a)'s "clearly erroneous" criterion was employed.

design of the medallions and the inscription they were to bear. The coins were, in part, to carry the following language: *"Good for One Dollar in Trade at Any Cooperating Business Redeemable at Face Value at the Anchorage Centennial Exposition Site Until December 31, 1967."* As finally stamped, the coins in part read, *"Redeemable at Face Value at Anchorage the Air Crossroads of the World."* There is nothing in either the proposed or final inscription which would indicate to Van Wormer that the Commission intended to use the coins as current money. Similarly, there is nothing in the correspondence of the parties which would support a finding that Van Wormer had the requisite knowledge, or intent, that the coins were to be used as current money.[2] Additionally, there was no proof made as to the number of mercantile establishments in Anchorage at which the coins could be redeemed. Similarly, there was a lack of proof as to whether the coins were redeemable wholly or partially in cash. Finally, there was no evidence as to the number of business establishments at which the coins could be used in lieu of cash. Lacking such evidence, the trial court could have properly resolved the issue of illegality against the commission.

There are few reported decisions which shed any light upon the proper construction of sections 486 and 491(a) of title 18 of the United States Code. Three applicable decisions indicate that it is essential that the coins be intended for use as current money before a violation of the law can be found.[3] We are of the opinion that this construction of the statute is correct and adopt this interpretation in ruling on the commission's contention of illegality in the case at bar.

■ We believe that our determination of the illegality issue is dispositive of the commission's further contention that "even if the contract were perfectly legal, the appellee should not recover because it committed a breach of its implied warranty of fitness for a particular purpose."[4] Since we have affirmed the trial court's ruling that the subject matter of the contract was not illegal, it follows that the trial court's conclusion of law that the commission failed to prove any breach of warranty of fitness should likewise be affirmed. No breach of warranty can be found under the facts because Van Wormer did supply

---

2. Examination of the testimony of Gilbert Van Wormer, president of Van Wormer & Rodrigues, Inc., fails to disclose that either the witness personally, or any of the corporation's employees, had any knowledge that the commission intended to use the coins for current money.

   The expression "current money" has been defined as follows in State v. Quackenbush, 98 Minn. 515, 108 N.W. 953, 955 (1906):

   Money includes 'whatever is lawfully and actually current in buying and selling, of the value and as the equivalent of coin.' Miller v. Race, 1 Burr. 462; Crutchfield v. Robins, 24 Tenn. 15, 42 Am.Dec. 417; Klauber v. Biggerstaff, 47 Wis. 551, 3 N.W. 357, 32 Am.Rep. 773. 'Current money' means money which passes from hand to hand and from person to person and circulates through the community. Stalworth v. Blum, 41 Ala. 319. * * * Whatever is intended to, and does actually,

   circulate as money. Coffin v. Hill, 1 Heisk (Tenn.) 385. * * * 'Current money,' that which is generally used as a medium of exchange. Bouvier, Law Dict. vol. 1, p. 481.

3. United States v. Van Auken, 96 U.S. 366, 24 L.Ed. 852 (1878); United States v. Roussopulous, 95 F. 977 (D.Minn. 1899); United States v. Gellman, 44 F. Supp. 360 (D.Minn.1942).

4. In support of this argument, the commission cites AS 45.05.098 (U.C.C. § 2–315) which reads:

   If the seller at the time of contracting has reason to know a particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under § 100 of this chapter, an implied warranty that the goods shall be fit for that purpose.

legal coins in accordance with the parties' agreement.[5]

■ In its cross-appeal Van Wormer contends the trial court erred by virtue of its disallowance of anticipated profits. The trial court correctly found that at the time the commission purported to cancel its order for 50,000 coins, 29,000 coins had already been manufactured. Using the 29,000 figure at the agreed cost of 15 cents per coin, Van Wormer was awarded judgment in the amount of $4,350.[6]

Examination of the record in this cause fails to reveal any basis for the trial court's conclusion that Van Wormer was not entitled to recover its loss of profits in regard to the 21,000 coins which had been ordered by the commission, but had not been manufactured at the time of the commission's repudiation of the contract. In Green v. Koslosky [7] we said:

In awarding damages for breach of contract an effort is made to put the injured party in as good a position as he would have been had the contract been fully performed.

In the case at bar we are in accord with Van Wormer's argument to the effect that since there is no market for these made-to-order coins the proper measure of damages is governed by AS 45.05.208(b) which provides:

If the measure of damages provided in (a) [difference between market price and contract price] of this section is inadequate to put the seller in as good a position as performance would have done, then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in § 212 of this chapter, due allowance for costs reasonably incurred, and due credit for payments or proceeds of resale.[8]

We, therefore, conclude that the judgment entered below should be modified to include an award to Van Wormer for its loss of profits on the remaining 21,000 coins under the contract.[9]

■ One other facet of the appeal remains for discussion. The superior court entered judgment on July 7, 1967. On August 7, 1967, the commission filed its appeal to the court and on August 14, 1967, Van Wormer filed its cross-appeal.[10] In Vogt v. Winbauer [11] this court held that time limit within which a notice of appeal was required to be filed, pursuant to Supreme Court Rule 7(a), was not jurisdictional. In that case we further held that "there is no sufficient showing by the appellant that a strict enforcement by this court of Supreme Ct. R. 7(a) will work surprise or injustice to him." [12] Here we believe it would be unjust to deny Van Wormer's cross-appeal. Cross-appellant's position is that it was satisfied with the judgment entered below, that the commission's last

---

5. Although there are indications in the correspondence that the commission initially stated that it was terminating the contract due to the poor craftsmanship employed in the manufacture of the coins, as well as the inferior quality of the coins, these grounds were abandoned at the trial.
    We also note that under AS 45.05.098 proof of the commission's reliance on Van Wormer's skill and judgment is lacking.

6. In addition to the $4,350, the July 7, 1967, judgment awarded Van Wormer $26.85 for freight charges incurred, $626.91 for interest on $4,376.85 from February 26, 1965, $1,105.64 in attorney's fees, and $239.20 in court costs.

7. 384 P.2d 951, 952 (Alaska 1963).

8. See also Los Angeles Coin-O-Matic Laundries v. Harow, 195 Cal.App.2d 324, 15 Cal.Rptr. 693 (1961).

9. The undisputed evidence established that Van Wormer's profit would have been three cents per coin.

10. Supreme Ct.R. 7(a) reads in part:
    The time within which an appeal may be taken to the supreme court shall be thirty (30) days from the entry of the judgment appealed from * * *.

11. 376 P.2d 1007, 1010 (Alaska 1962).

12. Id.

minute appeal caught it by surprise, and that the cross-appeal was filed within a few days after the commission's notice of appeal. Under these circumstances we think the cross-appeal should be allowed.[13]

The judgment entered below, as modified in accordance with the foregoing, is affirmed.

13. At present this court has under consideration a proposed amendment to Supreme Ct. R. 7(a) which reads:

> [I]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires.

This proposed amendment parallels the amendment which was adopted July 1, 1966, to Rule 73(a), Fed.R.Civ.P.