Harold RANSIER, Appellant,

v.

Arloine RANSIER, Appellee.

No. 606.

Supreme Court of Alaska.

June 2, 1966.

Albert Maffei, Anchorage, for appellant.

John Conway, Atkinson, Wade & Conway, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

The question presented in this appeal of a child custody award is whether the trial court abused its discretion in awarding sole custody of the eleven year old daughter to appellee mother even though evidence established that she had been unfaithful and had at one time voluntarily relinquished custody to appellant.

Insofar as is pertinent our statute permits the court to provide for the care and custody of minor children of the marriage as it considers just and proper, having due regard to the age and sex of the children and that, unless manifestly improper, it should give preference to the party not in fault.[1]

1. AS 09.55.210 in pertinent part states:

In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide

(1) for the care and custody of the minor children of the marriage as it con-

siders just and proper, having due regard to the age and sex of the children, and, unless otherwise manifestly improper, giving the preference to the party not in fault * * *.

■ In Rhodes v. Rhodes [2] we held that child custody decisions should be governed by the general rule that the welfare and best interests of the children should be given paramount consideration.

Appellee admitted to one instance of unfaithfulness and contradicted one witness who, in deposition testimony, admitted to several instances of intimate relations with appellee. The court made no specific finding as to the truth of the controverted testimony of additional instances of unfaithfulness. It appears that the admitted instance of unfaithfulness occurred in August of 1964 while appellee was absent from her home in Anchorage, visiting her mother in the state of Washington. Appellee admitted this to appellant upon her return to Anchorage. The parties thereafter resumed marital relations.

■ The court found that appellee's written agreement with appellant, pursuant to which she gave up custody of the eleven year old daughter to appellant for a short period, was inequitable and unfair and that appellee was emotionally unstable and acting under the influence of the appellant at the time of execution. We do not agree with appellant that this can properly be classified as an abandonment of the child. It is only one of many factors to be weighed by the court in attempting to determine what was best for the child. The record contains the testimony of several witnesses who clearly established appellee's ability and dedication as a mother and housekeeper as well as other evidence upon which the court's finding that appellee was a fit mother can be sustained. This, aside from appellant's own admission that the parties resumed marital relations after he had gone to Washington to persuade appellee to return to the family home in Anchorage.

In its oral decision the court admitted that appellee's conduct had played a part in destroying the marriage, but found that this had not directly impaired her ability to function as a mother. It found the credibility of both parties to be impaired and neither was given full credibility. It was found that appellee had devoted herself to the best interests of the child, had taken excellent care of her and was a fit and proper person to have custody. On the other hand, appellant's age and poor health were held to preclude awarding custody to him.

■■ Our review of the record compels us to conclude, as appellant has urged and as the trial judge found, that appellee's conduct did contribute substantially to the destruction of the marriage. However, we agree with the trial judge that it was not the sole contributing factor. The trial court observed the demeanor of the parties and the various witnesses that appeared for both sides. The weight that it gave to this aspect of the evidence is a quality which cannot be accurately reviewed on appeal and we decline to attempt to do so.[3] The trial court did state that the paramount factor considered in determining the custody question was the welfare and best interests of the child, and we are convinced that it was so guided. From our review of the record we are not able to find, as we are urged to do by appellant, that the award of custody to appellee upon the basis of the relative fault of the parties was an abuse of discretion.[4]

The judgment is affirmed.

2. 370 P.2d 902, 903 (Alaska 1962).

3. See Preferred Gen. Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 952 (Alaska 1964); Wilson v. Mitchell, 406 P.2d 4 (Alaska 1965).

4. The trial court specifically stated that it intended to review the case at a later date. Upon a proper showing, the continuing jurisdiction of the court in cases of this type can be invoked to review the custody provisions of the decree.