**PREFERRED GENERAL AGENCY OF ALASKA, INC., an Alaskan corporation, Appellant,**

v.

**Robert C. RAFFETTO, Appellee.**

**Robert C. RAFFETTO, Appellant,**

v.

**Earl H. JONES, an individual, and Preferred General Agency of Alaska, Inc., an Alaska corporation, Appellees.**

Nos. 399, 410.

Supreme Court of Alaska.

May 6, 1964.

---

3.  Daniels v. State, Opinion No. 147, 383 P.2d 323, 325 (Alaska 1963).

4.  Note 1, supra.

Wendell P. Kay and Lester W. Miller, Kay & Miller, Anchorage, for appellant in No. 399 and for Appellees in No. 410.

Clyde C. Houston and William W. Renfrew, Anchorage, for appellee in No. 399 and for appellant in No. 410.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Raffetto was employed under an oral agreement by the appellant, Preferred General Agency of Alaska, Inc., as an insurance underwriter. He was to receive a salary of $10,000 a year, plus a bonus based upon a set percentage of the net profits of appellant's business. Raffetto terminated his employment on June 15, 1960. A dispute then arose between the parties as to the terms of the agreement relating to the bonus. Appellant claimed that the bonus was to be payable only on a yearly basis, so that if Raffetto did not complete a full calendar year's work he was to get no bonus at all for that year. Raffetto's understanding of the agreement was that his bonus was earned monthly and was to be paid quarterly, and that if he terminated his employment at any time the bonus was to be paid up to the date of termination. The trial court found the terms of the agreement were such that the bonus was to be paid to Raffetto without regard to whether or not he remained in appellant's employment for an entire calendar year. On this appeal appellant's main contention is that the court's finding was contrary to the substantial weight of the evidence and was therefore erroneous.

In its brief appellant does nothing more than demonstrate that the evidence as to the terms of the agreement relating to the bonus was in sharp conflict. What appellant asks us to do in effect is to reweigh conflicting evidence and substitute our judgment for that of the trial judge. This we shall not do.[1] The decision that the judge was called upon to make depended in large part upon oral testimony of witnesses seen and heard by him. We must give due regard to his opportunity to judge the credibility of those witnesses, and we shall not reverse his decision unless we find it clearly

---

1. Monsma v. Williams, Opinion No. 161, 385 P.2d 107, 110 (Alaska 1963).

erroneous.[2] Clear error is not demonstrated by merely showing a conflict in the evidence. Before we can say that a finding of fact is clearly erroneous we must be left with the definite and firm conviction on the entire evidence that a mistake has been committed.[3] We are not convinced that there has been any such mistake in this case. The trial judge's finding as to the terms of the bonus agreement is not clearly erroneous.

■ The next point made by appellant, in two separate specifications of error, is that the judge erred in striking the testimony of appellant's bookkeeper, Nadine Hardy, regarding certain conversations that had taken place in October and November of 1958; and that he committed further error in refusing to permit this witness at a later point in the trial to again testify as to such conversations. We shall not consider these matters, because there has not been compliance with our Rule 11 (a) (6) as to the specifications of error[4], and for the further reason that the argument in appellant's brief does not state clearly the points of fact and law being discussed as required by our Rule 11(a) (8).[5]

■ In its next point on this appeal appellant makes reference to the trial court's finding that Raffetto was entitled to the reasonable value of his services for a specified period at the rate of 20% of the net profits. Appellant contends that in using the words "reasonable value of his services", the court applied a quantum meruit measure of damages for breach of an implied contract, and that this was error because an express contract had been established by the evidence.

Appellant does not make a complete statement of what the court found. The sentence which states that Raffetto was entitled to the reasonable value of his services concludes with the words "in accordance with the terms of the contract of employment." It is perfectly clear from the record that the court was not relying upon the existence of an implied contract. The existence of an express contract was undisputed. The only dispute was as to its terms. When the judge referred to the reasonable value of Raffetto's services, he was obviously speaking only of what was due to Raffetto under the terms of the express employment contract as he found them.

Appellant's final point has to do with the last 15 days of Raffetto's employment between June 1 and 15, 1960. Appellant contends that the court erred in allowing Raffetto bonus compensation for that period of time, for the reason that there was no evidence that the bonus was earned or that it accrued on less than a monthly basis.

■ It is true that Raffetto testified that his bonus was to be earned monthly. But he also testified that the agreement was that if he terminated his employment the bonus was to be paid up to the date of

---

2. Nordin v. Zimmer, 373 P.2d 738, 741–742 (Alaska 1962); In re Kraft's Estate, 374 P.2d 413, 416 (Alaska 1962).

3. Steward v. City of Anchorage, Opinion No. 213, 391 P.2d 730 (Alaska 1964); Comm'r of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218, 1228 (1960); United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746, 766 (1948).

4. Supreme Ct.R. 11(a) (6), which provides that the appellant's brief shall include a specification of errors relied upon, contains the following requirement which has not been met in this case: "When the error alleged is to the admission or rejection of evidence, the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the transcript as contained in the record on appeal where the same may be found." See Crume v. Crume, Opinion No. 124, 378 P.2d 183, 185 (Alaska 1963); Anderson v. State, Opinion No. 156, 384 P. 2d 669, 674 (Alaska 1963).

5. Thomson v. Wheeler Constr. Co., Opinion No. 163, 385 P.2d 111, 114 (Alaska 1963). For other decisions of this court applying Rule 11(a) (8), see cases cited in note 6 in Olson v. McRae, Opinion No. 188, 389 P.2d 576 (Alaska 1964).

termination. It was not unreasonable for the court to find from what Raffetto said that his bonus was to be earned on the basis of the time he actually worked, and not on the basis of his remaining in appellant's employment for any particular period of time. Since Raffetto worked for appellant from June 1 to June 15, 1960, the court did not err in allowing him compensation for that period.

Raffetto's cross appeal (File No. 410) involves the trial judge's award of attorney's fees. The appellee, Jones, who had been doing business individually under the name of Preferred General Agency of Alaska, hired Raffetto in 1957. In February 1960 Jones formed the corporation, Preferred General Agency of Alaska, Inc., for the purpose of carrying on his insurance business. Jones and the corporation were both made defendants when Raffetto commenced his action. Jones moved to dismiss the action as to him on the ground that Raffetto had been employed by the corporation, and not by Jones individually, during the period for which Raffetto claimed he was owed a bonus. In rendering his oral decision at the end of the trial, the judge said:

> "The evidence fails to sustain and the plaintiff concedes, conceded [sic] then in the trial that his claim against the defendant Jones had not been sustained. That the plaintiff was an employee of the corporation and not Jones during the period for which he claims compensation. Therefore, the Court finds for the defendant Earl Jones and against the plaintiff as to the plaintiff's action against defendant Jones."

Since Raffetto was successful in recovering judgment against the corporation for his bonus, the judge awarded him as part of the costs of the action attorney's fees in the sum of $1,364. This sum was arrived at by applying to the amount of the judgment which Raffetto recovered ($6,760), the schedule of attorney's fees provided in Civil Rule 82. The court also allowed Jones attorney's fees against Raffetto in the same amount, $1,364, since Jones was successful in defending the claim that had been made against him as an individual. Raffetto contends that Jones was not entitled to attorney's fees, because he controls the corporation and the corporation was held liable to Raffetto for the compensation he sued for.

We limit our review in matters of this kind to the question of whether the court exceeded the bounds of the broad discretion vested in it.[6] The purpose of Civil Rule 82 in providing for the allowance of attorney's fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified. In this case we are unable to detect any misuse of the rule. Jones was sued individually, but a case against him was not established. Under the literal terms of Civil Rule 82 he was a prevailing party and was entitled to his costs in the trial court's discretion. We find no abuse of that discretion.

Raffetto also contends that since he was successful in defending against a counterclaim that the corporation had asserted against him, the court erred in refusing to allow him an additional attorney's fee based on the amount of the counterclaim which was approximately $2,000. Raffetto's point is untenable. He had to prove the terms of the employment agreement as he understood them in order to recover on his complaint. In so doing he disposed of the counterclaim, because it was based on the corporation's understanding of the agreement which was not accepted by the court. Raffetto was not subject to any additional burden because of the counterclaim.

The judgment is affirmed.

---

6. See Davidsen v. Kirkland, 362 P.2d 1068, 1070 (Alaska 1961).