KENAI POWER CORPORATION and
Alan B. McAllister, as Receiver
thereof, Appellant,

v.

E. Odin STRANDBERG, Appellee.

No. 653.

Supreme Court of Alaska.

June 20, 1966.

Albert Maffei, Anchorage, for appellant.

W. C. Arnold, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

This was an action by appellee to foreclose a lien for engineering services rendered to appellant. Trial was before the court which made findings, conclusions and entered judgment as follows:

(a) That between July 1, 1961 and August 1, 1962 appellee performed design labor and supervision in the erection and construction of a power line and related electrical distribution facilities at appellant's request, for which he had not been paid;

(b) That the reasonable value of the labor and materials furnished by appellee was $6,200.00;

(c) From these findings the court concluded that appellee was entitled to judg-

ment in the sum of $6,200.00 plus interest at the rate of 6% from September 10, 1962 in the amount of $1,494.00 and an attorney's fee in the sum of $1,503.10 computed in accordance with Civil Rule 82 for a total judgment of $9,197.00.

Judgment was entered accordingly and this appeal followed.

Appellant's first point is that the proof is inadequate to support the judgment.

At the trial appellee and his engineer associate, Henry Waterfield, testified at length. This testimony established the engagement of appellee by appellant to perform design, survey and supervision work in connection with the routing and supervision in the construction of a power line and electric distribution facilities in the Kenai area. Time sheets of hours worked by appellee, Henry Waterfield and Roy Wright were introduced to substantiate oral testimony establishing performance of the undertaking.

The only witness called on behalf of appellant was Mrs. Vena Rowley, a bookkeeper for appellant corporation and wife of Frank Rowley, President and Manager of the corporation.

Her testimony was that the corporation never received a billing from appellee for the amount covered by the lien; that appellee had previously performed services for the corporation for which he had been paid by check, but that with respect to the services covered by the lien, appellee was to perform the services for the corporation without charge in return for advice from Frank Rowley with respect to a generating system that appellee was installing.

Appellant's argument is mainly devoted to pointing up what it considers to be inconsistencies between appellee's time sheets and his testimony and what is considered to be inadequate proof in some areas.

No argument is made in support of Mrs. Rowley's testimony that no charge whatever should have been made for appellee's services.

A review of the record convinces us that there was substantial evidence to support the trial court's findings and judgment.

Our statement in Preferred Gen. Agency of Alaska, Inc. v. Raffetto [1] is applicable. We said:

The decision that the judge was called upon to make depended in large part upon oral testimony of witnesses seen and heard by him. We must give due regard to his opportunity to judge the credibility of those witnesses, and we shall not reverse his decision unless we find it clearly erroneous. Clear error is not demonstrated by merely showing a conflict in the evidence.[2]

Appellant states as a point on appeal the refusal of the trial court to order the introduction into evidence of appellee's diary. This point is mentioned in appellant's brief under "Questions Presented for Review" and "Specification of Errors" as being one upon which argument would be offered in the brief. Since no argument was presented we shall consider the point abandoned.[3]

The last point to be considered is appellant's contention that the trial court abused its discretion in awarding appellee the sum of $1,503.10 as an attorney's fee.

The award was calculated on the basis of the schedule contained in Civil Rule 82 for an average contested case. Section (a) of the rule requires that:

Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering

---

1. 391 P.2d 951, 952–953 (Alaska 1964).

2. To the same effect see: Ogden v. State, 395 P.2d 371 (Alaska 1964) and cases cited therein in footnote 1.

3. Williams v. DeLay, 395 P.2d 839, 847 (Alaska 1964). But see Thomson v. Wheeler Const. Co., 385 P.2d 111, 114 (Alaska 1963) and 5 Wigmore, § 1558 (3rd ed. 1940).

any money judgment therein, as part of the costs of the action allowed by law:

The schedule of fees is to be adhered to unless the court, in its discretion, otherwise directs. We have heretofore recognized the broad discretion vested in the superior court by Civil Rule 82, in declining to set aside the trial judge's award.[4] In our recent decision of Patrick v. Sedwick[5] we held that when a money judgment has been recovered in contested litigation the trial judge should indicate on the record his reasons for nonadherence to the fee schedule.

██ Although the trial before the court was concluded in one day, appellee's counsel was required to file a claim of lien, a complaint in foreclosure, contend with receivership proceedings in which appellant was involved, prepare pre-trial pleadings, attend a pre-trial conference and familiarize himself with detailed time sheets covering a period of approximately one year as well as conduct the trial. The case required over two years to process to a judgment. The fee allowed is that established by the schedule in the rule. It appears to be entirely adequate but we shall not hold that it is excessive under the circumstances.

The judgment is affirmed.

4. Preferred Gen. Agency of Alaska, Inc. v. Raffetto, supra note 1, and M–B Contracting Co. v. Davis, 399 P.2d 433, 437 (Alaska 1965). But see: Davidsen v. Kirkland, 362 P.2d 1068, 1070 (Alaska 1961).

5. 413 P.2d 169 (Alaska 1966).