Aaron STANSBERRY, d/b/a Speed Queen
Laundromat, Appellant,

v.

John A. MANSON, Appellee.

No. 680.

Supreme Court of Alaska.

Nov. 30, 1966.

Warren A. Taylor, Fairbanks, for appellant.

Millard F. Ingraham, Fairbanks, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant entered into an oral employment agreement with appellee, whereby appellee agreed to help part time in the construction of appellant's building. The parties do not dispute that appellee was to be paid at the rate of $7.00 an hour. They are in dispute, however, on two main points: (1) as to the number of hours that appellee worked, and (2) as to the time when appellee was to be paid for his services.

Regarding the first point, the trial court found that appellee had worked a total of 312 hours, as he had claimed, rather

than 100 hours as asserted by appellant. We cannot say that the court's finding was clearly erroneous.[1] The evidence as to the number of hours worked was in sharp conflict. It is not our function to reweigh conflicting evidence and substitute our judgment for that of the trial judge.[2] The decision that he was called upon to make depended in large part on the testimony of witnesses seen and heard by him. Civil Rule 52(a)[3] requires us to give "due regard" to the opportunity of the trial judge to judge of the credibility of the witnesses.

Regarding the second point—the time when appellee was to be paid—the testimony was again conflicting. Appellee testified that the agreement was that he was to be paid when the building was completed, or when appellant had got his business going, or when appellant had received a Small Business Administration loan for which he had applied. On the other hand, appellant's understanding of the agreement was that appellee was to be paid only when appellant could afford to pay him—as soon as it was "humanly possible to do so."

From the evidence the trial judge construed the parties' oral agreement as being one for the payment of appellee's wages within a reasonable time after appellee had finished working for appellant. The judge held that the nearly two years which had elapsed between the date that appellee had last worked and the date of the trial was a reasonable time, and that appellee was therefore entitled to judgment against appellant in the sum of $2,269.25.

■ We find no error. From considering the testimony of both appellant and appellee, one reasonably might reach the conclusion that the arrangement between the parties was one to postpone payment of appellee's wages for a reasonable time to allow appellant the opportunity of improving his economic position so that he could take care of such wages. This is consistent with appellant's version of the agreement, that he would pay when he was able to do so, and is also consistent with appellee's version, that payment was to be made when appellant had got his business going, had completed the building, or had obtained a Small Business Administration loan. To construe the words and actions of the parties as requiring appellee to wait to be paid for an indefinite period of time until appellant was in a "position" to pay, which condition may never occur if viewed solely from appellant's own subjective point of view, would be to give to the agreement an unreasonable construction which we believe the parties did not intend at the time the agreement was entered into.[4]

■ We hold that the trial judge had a rational basis for determining that the parties intended that appellee was to be paid within a reasonable time after he had finished working for appellant. Since the evidence reveals that appellant had his business in operation, had received his Small Business Administration loan and almost two years had elapsed, a reasonable time had in fact elapsed. The court below

---

1. Civ.R. 52(a) provides in part:
   Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

2. Preferred Gen. Agency of Alaska v. Raffetto, 391 P.2d 951, 952 (Alaska 1964).

3. Supra note 1.

4. Thos. J. Dyer Co. v. Bishop Int'l Eng'r Co., 303 F.2d 655, 661 (6th Cir. 1962); Mock v. Trustees of First Baptist Church, 252 Ky. 243, 67 S.W.2d 9 (1934);

Annot., 94 A.L.R. 721 (1935); 3A Corbin, Contracts § 641 (1960) where it is stated:
   In all cases the express words of the contract must be interpreted in the actual context of those words and in the light of all the surrounding circumstances. Such an interpretation may show that 'ability' to pay, was not intended to be a condition of the promise, but that the promise was that payment would be made at a reasonable time. The problem then becomes one of weighing the factors upon which 'reasonable time' depends.

was correct in entering judgment against appellant.

As a final point on this appeal, appellant contends that the court erred in not finding that the parties had entered into a subsequent oral agreement limiting to $1,000 the amount owed to appellee for his work. The only evidence concerning such an agreement was appellant's testimony. This was not confirmed by appellee, he stating that he had gone to appellant and told him that he "wanted the $2,000", that appellant had asked "How much do you need?", and that appellee had answered "Well, I wouldn't settle for less than $2,000.00, and then the rest can be taken care of at your \* \* \* monthly payments or whatever you want to do."

■ Here again we are faced with a situation where credibility is involved. Giving due regard to the opportunity and function of the trial judge to assess the credibility of the witnesses, we see no clear error in the trial judge's failure to find that the parties had agreed that appellee was to be paid only $1,000.

■ Appellee's task of answering appellant's brief and our task of deciding the issues raised by the appeal have been rendered more difficult than necessary by reason of appellant's failure to comply with our rules in the preparation of his brief. As appellee correctly points out, appellant's statement of points, required by Supreme Court Rule 9(e),[5] is so lacking in specificity as to be virtually meaningless, and appellant's specification of errors, required by Supreme Court Rule 11(a) (6),[6] consists of nothing but general statements about certain alleged errors and is lacking in the particularity that the rule requires.[7] We consider this an appropriate occasion to remind counsel for future reference that our rules have a purpose and are meant to be complied with, and that in the absence of compliance we are not obliged to consider and pass upon the points that an appellant attempts to raise on an appeal.[8]

The judgment is affirmed.

5. Supreme Ct.R. 9(e) provides:
   If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve and file with his designation a concise statement of the points on which he intends to rely on the appeal. Otherwise such statement of points shall be served and filed prior to the time that the preparation of the record on appeal is to be completed. The court will consider nothing but the points so stated.

6. Supreme Ct.R. 11(a) (6) provides:
   A specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged. When the error alleged is to the admission or rejection of evidence, the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the transcript as contained in the record on appeal where the same may be found. When the error alleged is to the charge of the court, the specification shall set out the part referred to verbatim, whether it be in instructions given or in instructions refused, together with the grounds of the objections urged at the trial. When findings are specified as error, the specification shall state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous. When the error alleged is to a ruling upon the report of a referee or a master the specification shall state the objections to the report and the action of the court upon such objections.

7. See Parks v. Brown, 368 P.2d 220, 221–222 (Alaska 1962).

8. Buza v. Columbia Lumber Co., 395 P.2d 511, 513 (Alaska 1964); Preferred Gen. Agency of Alaska v. Raffetto, 391 P.2d 951, 953 (Alaska 1964); Crume v. Crume, 378 P.2d 183, 184–185 (Alaska 1963).