ASSOCIATED ENGINEERS & CONTRAC-
TORS, INC., Appellant,

v.

H & W CONSTRUCTION COM-
PANY, Inc., Appellee.

No. 852.

Supreme Court of Alaska.

March 7, 1968.

Hugh G. Wade, of Atkinson, Wade, Con-
way & Young, Anchorage, for appellant.

Kenneth McCaskey, of Robinson, McCaskey & Strachan, Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The trial court entered judgment against appellant awarding appellee in excess of $11,500 for rental of certain earth moving equipment, for costs incurred in transporting such equipment, and for damages to the equipment. Appellant then brought this appeal.

The trial court found that in September 1964 appellant and appellee had entered into an oral contract by the terms of which appellee agreed to lease to appellant certain equipment for a monthly rental, as follows:

| One 619 Scraper | $2,032.00 per month |
|---|---|
| One 619 Scraper | 2,032.00 per month |
| One D–7 Caterpillar tractor | 2,320.00 per month |
| One D–6 Caterpillar tractor | 1,306.00 per month |
| One motor grader | 1,073.50 per month |

Appellant has no quarrel with this finding. However, appellant does challenge the correctness of the trial court's Finding of Fact No. 6, which provides as follows:

The equipment was kept by defendant for its use, under the agreement, as follows:

| D–7 Caterpillar Dozer | one month |
|---|---|
| 2 619 Scrapers | one month each |
| Grader No. 12 | two months |

The parties agree in their proof that the reasonable rental for the D–6 Caterpillar Dozer is the sum of $1,959.00.

---

Appellant interprets the words "The equipment was kept by defendant for its use under the agreement", as used in Finding No. 6, as meaning that the equipment was actually used by appellant for the periods found by the court. In attacking this finding, appellant then attempts to show that under the evidence the equipment was used by appellant for periods of time less than those found by the court and, therefore, that the court's finding in this regard was clearly erroneous.

In response to appellant's argument, appellee argues that "The lease agreement * * * provided that the defendant [appellant] would pay rental until the equipment was returned to plaintiff [appellee] at Anchorage." What appellee is apparently referring to by the term "lease agreement" is a written instrument, entitled "rental agreement", which was introduced in evidence as appellee's exhibit No. 1. This document provided in paragraph 7 that:

Rental to commence on the date the equipment is removed from our storage site and continue until such time as it is returned to our same storage site or to our Anchorage yard at our option and at your expense.

No mention of the written contract was made in the court's findings, and it is not clear from the evidence whether such rental agreement was the written expression of the oral contract made by the parties. A copy of the rental agreement introduced in evidence as appellee's exhibit No. 1 was signed by appellee but not by

appellant. There was testimony that a rental agreement had been signed on behalf of appellant. But the witness who had observed the signing testified that the copy of the rental agreement identified as appellee's exhibit No. 1 was not a copy of the contract he had observed being signed by both appellant and appellee.

In any event, it appears that the provision in the written agreement that rental of the equipment should continue for a specified time is not significant. Appellant wrote to appellee on November 18, 1964 advising that the equipment could no longer be used by appellant, and asking for instructions as to its storage. Following the receipt of that letter, appellee either wrote to or informed appellant by telephone that the equipment should be stored adjacent to appellant's shop. This amounted to a waiver by appellee of the requirement that rental should continue until the equipment was returned to appellee's storage site or to appellee's equipment yard in Anchorage.

By using the language in Finding of Fact No. 6 "The equipment was kept by defendants for its use, under the agreement" for specified periods of time, the trial court apparently construed the oral agreement for rental of appellee's equipment as imposing liability on appellant for a payment of rent for the equipment as long as it was in appellant's possession and available for its use, whether actually used during that period or not, and until such time as appellant either returned the equipment to appellee or notified appellee that appellant had finished using the equipment. Neither party on this appeal seriously urges that such a meaning as ascribed to the oral rental agreement is incorrect and unjustified by the facts. Consequently, we accept such an interpretation of the agreement as being the parties' bargain.

The court found that appellant had kept for its use for a period of one month a D–7 Caterpillar Dozer and two No. 619 Scrapers. Such a finding does not find support in the evidence. This equipment

was delivered to appellant on or about November 4, 1964. Appellee admits that it received a letter dated November 18, 1964 from appellant stating that appellant did not intend to use the equipment and asking where it was to be parked or stored. There is no evidence from which it could be found that the D–7 and the two scrapers were used after that letter was received. The exact date of receipt is not shown, but presumably it was within a day or two after it was mailed on November 18, 1964.

■ This does not mean, however, that appellant's liability for rental of this equipment should be limited to the period November 4 to approximately November 19 or 20, 1964. Another finding made by the court was that "The minimum term of the rental was to be one month." Such finding is not assailed by appellant as being clearly erroneous—and with good reason, for the finding is supported by the evidence. Bruce Hawthorne, appellee's vice president, testified that the lease of the equipment was for a minimum of 176 hours, which is equivalent to one month of use. The provision in the oral agreement that the minimum term of rental was to be for one month means that appellant was to be liable for a minimum of one month's rental, regardless of the length of time the equipment was actually used. Thus, the court was correct in concluding that appellant should be liable to appellee for one month's rental for each of the two scrapers and the D–7 Caterpillar dozer, even though this equipment was actually used for less than one month.

■ A different situation exists as to the grader. Although appellant's letter of November 18, 1964 could be construed as including the grader, along with the other equipment rented to appellant, the fact is that the grader was operated after appellant had notified appellee that the equipment could not be used. In fact, appellant admits in his brief that the grader was used until about December 18, 1964.

The length of time the grader was actually used by appellant is not significant.

What is significant is that the grader was kept by appellant for its use beyond the time that appellant had notified appellee that the other equipment would not be used any further, and had been advised by appellee to store the equipment next to appellant's shop. There is no evidence from which it could be inferred that appellant notified appellee at any other time that appellant had finished with the grader and did not intend to use it any further. Because of such lack of notice, and because the grader was actually in appellant's possession for more than two months following delivery on November 4, 1964, we cannot say that the court was mistaken and therefore clearly erroneous [1] in finding that the grader had been kept by appellant for its use under the oral agreement for a period of two months.

Appellant contends that it should be liable for rental only for the period that the equipment was in actual use, on the ground that the equipment was in a state of disrepair and not usable at other times. Appellant's point is that appellee had breached an implied warranty of fitness for the purpose of the rental agreement, and therefore that even though appellant kept possession of the equipment for a certain period of time, it should not be liable for rent during all of that period if the equipment was not fit for the purpose for which it was intended.

■ The court found that "Although the equipment was not in good condition as to some items it was all accepted by defendant and retained by defendant for its use." Unless such a finding of fact is clearly erroneous, it must be accepted by us.[2] And if accepted as a fact, then appellant's argument has no merit because such a fact would indicate a waiver by appellant of any claim that the equipment it rented was not suited for the use intended.

The equipment was delivered to appellant on or about November 4, 1964. Appellant notified appellee by letter dated November 18, 1964 that the equipment was in no condition to be used by appellant. It could be found that this was the first time that deficiencies in the equipment were brought to appellee's attention. It is true that one of appellant's witnesses testified that at a meeting between the parties on November 9, 1964, appellant had complained to appellee as to the condition of the equipment. On the other hand, a witness for appellee testified that at such meeting appellant's representatives had said, as to the equipment, "Well, everything is satisfactory. We—we want the equipment; it's okay, it's fine."

■ It is the trial court's function and not ours to judge of the credibility of the witnesses and weigh conflicting evi-

1. Civ.R. 52(a) provides in part:
   Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

2. Stansberry v. Manson, 420 P.2d 449, 450 (Alaska 1966); Mercer v. Yutan Constr. Co., 420 P.2d 323, 326 n. 8 (Alaska 1966); Kenai Power Corp. v. Strandberg, 415 P.2d 659, 660 (Alaska 1966); Pearson v. Fairbanks Publishing Co., 413 P.2d 711, 715 (Alaska 1966); Stephenson v. Ketchikan Spruce Mills, 412 P.2d 496, 499 (Alaska 1966); Gilbert v. Sexton, 401 P.2d 300, 302 (Alaska 1965); Herning v. Wigger, 398 P.2d 1002, 1005 (Alaska 1965); Rizo v. Macbeth, 398 P.2d 209, 212 (Alaska 1965); Hamilton v. Lotto, 397 P.2d 980, 982 (Alaska 1965); Williams v. DeLay, 395 P.2d 839, 845 (Alaska 1964); Ogden v. State, 395 P.2d 371 (Alaska 1964); Preferred Gen. Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 952–953 (Alaska 1964); Steward v. City of Anchorage, 391 P.2d 730, 731 (Alaska 1964); Monsma v. Williams, 385 P.2d 107, 110 (Alaska 1963); Smith v. Boen-Koon & Egge-Cummins Constr. Co., 384 P.2d 283, 286 (Alaska 1963); George v. Willman, 379 P.2d 103, 106 (Alaska 1963); In re Kraft's Estate, 374 P.2d 413, 416 (Alaska 1962); Nordin v. Zimmer, 373 P.2d 738, 742 (Alaska 1962); Chirikoff Island Cattle Corp. v. Robinette, 372 P.2d 791, 792 (Alaska 1962).

dence.[3] If the court believed to be true what appellee's witness testified to, then this would support the court's finding that although the equipment was not in good condition it was accepted by appellant and retained for appellant's use. We cannot say that such a finding is clearly erroneous. This means that the alleged state of disrepair of the equipment as claimed by appellant is no defense to appellee's claim for rental of such equipment.

█ Under the oral rental agreement, appellant was advised to pay the cost of transporting the equipment from Old Harbor, Alaska to the naval station at Bell's Flat on Kodiak Island. This amounted to $850 which was included in the judgment entered in appellee's favor. Appellant contends that its agreement to pay this cost was predicated upon the assumption that appellant would be able to use the equipment for a period of not less than one month, and since that wasn't the case because of the equipment being in poor condition, it was inequitable to impose on appellant the entire cost of transporting the equipment.

We cannot find that the court erred in imposing upon appellant the transportation expenses in accordance with the agreement. It has not been shown that it was part of the agreement between the parties that appellant's obligation to pay such expenses was conditioned upon appellant being able to use the equipment for one month or any other period of time.

█ Finally, appellant contends that the court erred in failing to credit appellant with costs incurred by appellant in repairing the equipment against amounts due for rental of the equipment. The question as to who is liable for repairs to leased equipment is one of fact and of law[4] that cannot be determined in the absence of adequate briefing and a more comprehensive discussion than is found in appellant's brief. Appellant merely asserts the point and does not, in accordance with Supreme Court Rule 11(a) (8) state "clearly the points of fact and of law being discussed, with reference to the pages of the record and the authorities relied upon in support * * *." of the contention being made. In these circumstances we consider the point to have been abandoned and decline to review it.[5]

The judgment is affirmed.

3. Stansberry v. Manson, 420 P.2d 449, 450 (Alaska 1966); Preferred Gen. Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 952-53 (Alaska 1964).

4. See Tuttle v. Irvine Constr. Co., 253 Ky. 538, 69 S.W.2d 1034, 1036 (1934).

5. Alaska State Housing Authority v. Contento, 432 P.2d 117, 123 (Alaska 1967); McSmith v. McSmith, 387 P.2d 454, 455 (Alaska 1963); Veal v. Newlin, Inc., 367 P.2d 155, 156 (Alaska 1961).