**William AYERS, Appellant,**

v.

**DAY AND NIGHT FUEL CO., Inc.; Greater Anchorage Area Borough; George Petrovich and Elvessie Petrovich, husband and wife; Alaska Title Guarantee Company; William E. Bittner; Vern L. Padgett; Matanuska Valley Bank; Mary Lee Yates, Receiver for Public Finance Corporation; Public Finance Corporation; Louise Gatlin; also all other persons or parties unknown claiming a right, title, estate, lien, or interest in the real estate described in the complaint in this action, Appellees.**

**No. 944.**

Supreme Court of Alaska.

March 10, 1969.

---

James K. Tallman, Anchorage, for appellant.

Albert Maffei, Anchorage, for appellees.

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The question here is whether appellant acquired title to certain real property by adverse possession.

On August 4, 1953, appellant obtained title to the property by patent from the United States. On August 3, 1955, the property was sold to William Bittner by the Anchorage Independent School District for non-payment of taxes. A tax deed from the district to Bittner was executed and de-

livered on August 6, 1957. Appellant commenced this action to establish title in himself in October 1966. He testified that he had lived on and been in possession of the property for 14 years, i. e., from 1953 up to the time of trial in June 1967.

*The Seven-Year Statute*

AS 09.25.050 provides:

The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more is conclusively presumed to give title to the property except as against the state or the United States.

Appellant claims title by adverse possession under this statute.

 An essential element under the statute is color of title for seven years. Appellant is unable to establish that. Color of title exists only by virtue of a written instrument which purports, but which may not be effective, to pass title to the claimant.[1] The only written instrument appellant can rely upon is the patent from the United States in 1953. Assuming this can be characterized as "color of title", appellant was deprived of that when, following the sale of the property for taxes, a tax deed was issued to Bittner in 1957. One may not successfully claim title by adverse possession under color of title where he has been deprived of color of title by an involuntary sale of the property under authority of law.[2] Appellant does not claim that the tax sale and the issuance of the tax deed were not accomplished other than under authority of law. The seven-year statute does not give appellant title by adverse possession.

*The Ten-Year Statute*

AS 09.10.030 provides:

No person may bring an action for the recovery of real property, or for the recovery of the possession of it unless commenced within 10 years. No action may be maintained for the recovery unless it appears that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises in question within 10 years before the commencement of the action.

Appellees, George and Elvessie Petrovich, in answer to appellant's complaint, filed a counterclaim on October 31, 1966, claiming title to the property by reason of a conveyance from Bittner on March 29, 1966. The ten-year statute relied upon by appellant would purport to bar the Petrovichs' remedy of quieting title in themselves, assuming that they or their grantor, Bittner, was not seized or possessed of the premises within ten years prior to the filing of the counterclaim. But the statute has another effect. It can be utilized as the basis of a new title as claimed by appellant.[3]

██ Appellant may have occupied the property for more than ten years after Bittner acquired the right to possession by the certificate of tax sale in 1955. But mere occupation of the premises, even for the statutory period does not establish title. When one assumes possession of another's property, there is a presumption that he does so with the rightful owner's permission and in subordination to his title. "This presumption is overcome only by showing that such use of another's land was not only continuous and uninterrupted, but was openly adverse to the owner's interest, i. e., by proof of a distinct and positive assertion of a right hostile to the owner of the property."[4]

█ A showing that such use was openly adverse to the owner's interest must be for the full statutory period of ten years.

1. Karvonen v. Dyer, 261 F.2d 671, 674 (9th Cir. 1958).

2. Cooper v. Cook, 220 Ark. 344, 247 S.W. 2d 957, 958 (1952); Shepherd v. Cox, 191 Miss. 715, 1 So.2d 495, 4 So.2d 217, 218 (1941); Annot., 136 A.L.R. 1349, 1351 (1942).

3. Hamerly v. Denton, 359 P.2d 121, 125 (Alaska 1961); Ringstad v. Grannis, 171 F.2d 170, 173, 12 Alaska 190, 196 (9th Cir. 1948).

4. Hamerly v. Denton, 359 P.2d 121, 126 (Alaska 1961).

If during that period it is established that the adverse claimant has done something to recognize the owner's title, the continuity of the adverse possession period is interrupted and the ten-year period of limitation does not begin to run again in the adverse claimant's favor until he repudiates the owner's title.[5]

There was evidence of such recognition of title in this case. On October 21, 1963, appellant paid Bittner $200. The trial judge found that this was the payment of rent for the property involved. Appellant maintains that such a finding was in error since he testified that he paid the $200, not as rent, but in order "to get rid of them, get them off my back."

We may set aside a finding of the trial judge only if it is clearly erroneous.[6] Bittner testified that after he had purchased the property at the tax sale he had set rent on the property at $50 a month. When asked whether this subject had ever come up in the conversation between him and appellant Bittner said: "[Y]es. I don't remember the exact words, but * * * Fifty Dollars ($50) a month was the * * * rental price we had on it." We have mentioned appellant's denial that the $200 was a rent payment. But later he testified that he did not know why he had paid this money to Bittner, that he could not explain what it was for.

In view of Bittner's testimony that he was renting the property to appellant, and appellant's ambiguous testimony as to the purpose of paying the $200 to Bittner in 1963, it seems obvious that the trial judge believed Bittner and disbelieved appellant, and thus found that the $200 was in payment of rent for the property. We cannot say that such a finding is clearly erroneous, particularly since in reviewing a trial judge's finding we are obliged to give "due regard * * * to the opportunity of the trial court to judge of the credibility of the witnesses."[7]

When the $200 rental payment was made in 1963 appellant could not claim adverse possession of the property for ten years. Adverse possession presupposes the existence of some title or right to possession in another which is adverse to the one claiming title by adverse possession. Such adverse title or right to possession in another did not come into existence at the earliest until 1955 when Bittner purchased the property at the tax sale. The payment of the $200 as rent in 1963 was a recognition of Bittner's title to the property, was inconsistent with appellant's claim of title by adverse possession, and interrupted the continuity of the adverse possession period which had begun in 1955. The ten-year statute does not give appellant title by adverse possession.

Judgment was entered below to the effect that the title of appellee, Day and Night Fuel Co., Inc.,[8] was paramount and superior to the title of appellant, and that appellant had no further right, title, estate, lien or interest in the property involved in this action. The judgment is affirmed.

5. Segelke v. Atkins, 144 Colo. 558, 357 P.2d 636, 638 (1960); Hamilton v. Village of McCall, 90 Idaho 253, 409 P.2d 393, 397 (1965).

6. Civ.R. 52(a). See Anchorage Centennial Development Co. v. Van Wormer & Rodrigues, Inc., 443 P.2d 596, 597 (Alaska 1968); Associated Engineers & Contractors, Inc. v. H & W Constr. Co., 438 P.2d 224, 227 (Alaska 1968).

7. Civ.R. 52(a). See Associated Engineers & Contractors, Inc. v. H & W Constr. Co., 438 P.2d 224, 227 (Alaska 1968); Kenai Power Corp. v. Strandberg, 415 P.2d 659, 660 (Alaska 1966).

8. On April 7, 1966, appellees, George and Elvessie Petrovich, conveyed the property by deed to appellee, Day & Night Fuel Co., Inc.