**Steve E. B. COOPER, d/b/a Cooper Excavating & Construction Company, Appellant,**

**v.**

**Charles L. CARLSON and Margaret J. Carlson, Appellees.**

**No. 1769.**

Supreme Court of Alaska.

July 16, 1973.

————◆————

Joseph W. Sheehan, of Rice, Hoppner, Blair & Associates, Fairbanks, for appellant.

Edward A. Merdes, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellees.

## OPINION

Before RABINOWITZ, C. J., CONNOR, ERWIN, FITZGERALD and BOOCHEVER, JJ.

**BOOCHEVER, Justice.**

This case presents another facet of the often perplexing problems involving the award of costs and attorney's fees under applicable Alaska law.[1] Cooper contends that he was the "prevailing party" within the meaning of this court's interpretation of AS 09.60.010 and Alaska Civil Rules 54(d) and 82(a), and that it was an abuse of discretion for the trial judge to refuse to award costs and attorney's fees.[2]

The suit arose out of a dispute over the price to be paid for gravel taken from the Carlsons' property by the Cooper Excavat-

1. The following cases involved various aspects of questions pertaining to the award of attorney's fees: Macri v. United States, 353 F.2d 804 (9th Cir. 1965); Malvo v. J. C. Penney Co., Inc., 512 P.2d 575 (Alaska, 1973); Hodges v. Mock, 501 P.2d 1355 (Alaska 1972); De Witt v. Liberty Leasing Co. of Alaska, Inc., 499 P.2d 599 (Alaska 1972); State v. Abbott, 498 P.2d 712 (Alaska 1972); Owen Jones & Sons, Inc. v. C. R. Lewis Co., Inc., 497 P.2d 312 (Alaska 1972); Miller v. Wilkes, 496 P.2d 176 (Alaska 1972); Stauber v. Granger, 495 P.2d 67 (Alaska 1972); Hart v. Wolff, 489 P.2d 114 (Alaska 1971); Ferrell v. Baxter, 484 P.2d 250 (Alaska 1971); Palfy v. Rice, 473 P.2d 606 (Alaska 1970); Connelly v. Peede, 459 P.2d 362 (Alaska 1969); Froelicher v. Hadley, 442 P.2d 51 (Alaska 1968); Dale v. Greater Anchorage Area Borough, 439 P.2d 790 (Alaska 1968); Beaulieu v. Elliott, 434 P.2d 665 (Alaska 1967); Albritton v. Estate of Larson, 428 P.2d 379 (Alaska 1967); McDonough v. Lee, 420 P.2d 459 (Alaska 1966); Kenai Power Corp. v. Strandberg, 415 P.2d 659 (Alaska 1966); Patrick v. Sedwick, 413 P.2d 169 (Alaska 1966); Decker v. Aurora Motors, Inc., 409 P.2d 603 (Alaska 1966); Preferred General Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951 (Alaska 1964); Davidsen v. Kirkland, 362 P.2d 1068 (Alaska 1961).

2. Alaska Civ.R. 54(d) provides:
 *Costs.* Except when express provision therefor is made either in a statute of the state or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs.* The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79. (Emphasis added.)

Alaska Civ.R. 82(a) provides:
 *Allowance to Prevailing Party as Costs.*
 (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:
 *Attorney's Fees in Average Cases*

| | | Contested | Without Trial | Non-Contested |
|---|---|---|---|---|
| First | $2,000 | 25% | 20% | 15% |
| Next | $3,000 | 20% | 15% | 12.5% |
| Next | $5,000 | 15% | 12.5% | 10% |
| Over | $10,000 | 10% | 7.5% | 5% |

*Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.*
 (2) In actions where the money judgment is not an accurate criteria [sic] for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.
 (3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between attorney and client. (Emphasis added.)

AS 09.60.010 provides:
 *Costs allowed prevailing party.* Except as otherwise provided by statute, *the supreme court shall determine by rule or order what costs, if any, including attorney fees, shall be allowed the prevailing party in any case.* (Emphasis added.)

ing and Construction Company. The gravel was used to perform resurfacing and upgrading of the Remington Road, near Delta Junction, Alaska, pursuant to a contract with the State of Alaska.

The Carlsons maintained that in addition to the $1,000 lease fee specified in the written lease, Cooper had orally agreed to pay 15¢ per cubic yard for the gravel removed. The evidence established that 94,850 cubic yards of gravel were removed from the Carlsons' property.

In addition to suing for this alleged contract price for the gravel, the Carlsons maintained that when they had tried to close the gate to their property (after Cooper had refused to give an accounting or payment for gravel removed) and had placed their cattle truck across the roadway to the property, that Cooper had secured the assistance of two state troopers who interceded on his behalf without any legal process or authority. They also maintained that Cooper had used an earth moving machine to move the cattle truck, and then immobilized it by piling gravel around it. For these actions, they asked for $25,000 in punitive damages.

By way of answer, Cooper maintained that the written lease was the full and complete agreement with respect to the gravel removed from the property. Thus, he maintained that $1,000 was all that was due, and that it had been paid. He denied the claims of abuse of legal process (use of state troopers) and interference with private property (immobilizing the cattle truck). In addition, in an amended answer filed after a pretrial conference, Cooper filed a counterclaim for interference with the Company's leasehold interests.

While the trial judge did find that the Carlsons were the legal owners of the property and that the lease agreement was ambiguous, he also found that the written lease was the full and complete agreement with respect to the taking of gravel. Since the $1,000 was paid, he held that Cooper was in proper possession of the property during the incidents at issue, and that there was no duty to pay 15¢ per cubic yard for the gravel removed or to give an accounting.

The judge found that Carlson had in fact blocked Cooper's access to the property, and that Cooper had secured the assistance of two state troopers and had moved the cattle truck. He found that Cooper had a right to do this, however, since the blockage was a "wrongful interference with defendant Cooper's lease interest in said property".

With respect to the counterclaim, the court found that there was in fact an interference by Carlson with a valid lease-hold interest of Cooper, but that no damages due to this interference were shown.

In conformity with these findings of fact and conclusions of law, the trial judge held that the Carlsons were to take nothing by way of Counts I and II of their complaint, and that Cooper was to take nothing by way of his counterclaim. Cooper moved for an order awarding costs and attorney's fees, and an entry of judgment awarding nominal damages on the counterclaim. This motion was denied.

The sole question presented on this appeal is whether the trial court erred in failing to award costs and attorney's fees to Cooper. We thus do not reach the question of whether the court should have awarded nominal damages on the counterclaim.

The trial court did not set forth its reasons for refusing to award costs and attorney's fees. It is conceivable that the court concluded, as is argued by the Carlsons, that Cooper was not the prevailing party due to his failure to secure an award of damages on his counterclaim for interference with his leasehold rights. On the other hand, the court may have considered that Cooper was the prevailing party, but that in the exercise of discretion an award of costs and attorney's fees should be denied.

When the central issues of the case and the trial court's resolution of them are considered, it is clear that Cooper was the pre-

vailing party. Cooper prevailed on the central issue of the lease agreement constituting the sole and complete agreement between the parties with respect to removing the gravel. Thus, it was held that he had paid the full price due under the contract, was properly in control of the property and did not have to give an accounting. He prevailed on the issue of the validity of his actions in securing the assistance of state troopers and in moving the cattle truck. Cooper also prevailed on the issue of whether there was an improper interference with his leasehold interest by Carlson in blocking access to the property. Thus, the only question Cooper failed to prevail on was the argument that the judgment should be entered for nominal damages where there is an interference with a leasehold interest and no evidence of damages.

▇▇▇ Even though Cooper did not prevail on that one subsidiary issue, it is clear from this court's previous interpretations of the Civil Rules that a party may be the "prevailing party" if he is successful with regard to the "main issues in the action". The leading case in this regard is Buza v. Columbia Lumber Co., 395 P.2d 511 (Alaska 1964). In the lower court, Columbia had sued Buza for both compensatory and punitive damages for conversion of logs and trespass. Buza had counterclaimed for the value of the logs. Columbia prevailed on its claim for conversion but did not receive any additional damages. The counterclaim of Buza was denied. With respect to the contention that the award of costs to Columbia was error since it did not recover the full amount of relief prayed for, this court stated at page 514:

It is true that Columbia did not recover the full measure of the relief it had prayed for but it was nonetheless the prevailing party and the only prevailing party. Judgment was entered for Columbia, declaring it to be owner "of the personal property covered by this law suit"

and ordering the appellants' counterclaim dismissed with prejudice.

The dictionary states that *"prevailing* applies esp. to that which is predominant," and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered. (Footnotes omitted.)

The most recent case to follow Buza v. Columbia Lumber Co. is the 1972 case of DeWitt v. Liberty Leasing Co., 499 P.2d 599 (Alaska 1972). In the court below, DeWitt had received a judgment on a construction contract claim of $17,736.11 and Liberty Leasing had prevailed on a counterclaim to the amount of $93.64. In reversing the trial court's determination that neither party was entitled to costs or attorney's fees, Justice Erwin stated for the majority:[3]

In Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1964), this court discussed the meaning of the term "prevailing party" . . . .. Applying this *standard to the case at bar, appellant* clearly prevailed in the litigation below . . . .. As we stated in Nordin Const. Co. v. City of Nome [sic], 489 P.2d 455, 474 (Alaska 1971), "[a] simple balancing of the recovery in favor of each party makes it clear that [appellant] was the prevailing party in this law suit. . . . ." Moreover, appellant prevailed on most of the issues disputed at trial. (Footnotes omitted.)

The Carlsons contend that the counterclaim could have involved damages far in excess of those of the plaintiff's claim. Since the court found that no damages had been proved under the counterclaim, they argue that they should be regarded as the

---

3. *Accord,* Nordin Constr. Co. v. City of Nome, 489 P.2d 455, 474 (Alaska 1971).

prevailing party or, in the alternative, that neither party prevailed.

In Owen Jones & Sons, Inc. v. C. R. Lewis Co., 497 P.2d 312 (Alaska 1972), we held that a litigant who is successful in defeating a claim of great potential liability may be the prevailing party even though the other side is successful in receiving an affirmative recovery. In that case Lewis successfully defended against a contract claim of $119,663.12. Recovery against Lewis was permitted in quantum meruit for material salvaged in the amount of $7,-363.12, but it was clear that Lewis had prevailed on the principal issue.

In the instant case, Cooper prevailed on every liability issue, and was unsuccessful only in his argument that he was entitled to nominal damages on his counterclaim. As indicated above, we thus conclude that he was the prevailing party.

As the prevailing party he was entitled to an award of costs. AS 09.60.010 specifies that "the supreme court shall determine by rule or order what costs, if any, including attorney fees shall be allowed the prevailing party. . . ." Alaska Civil Rule 54(d) specifies that "[e]xcept when express provision therefor is made either in a statute of the state or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs.*" (Emphasis added.)

In *DeWitt* we stated:

> We do not decide whether a denial of all costs would be justified in an extreme case of a vexatious prevailing party

unreasonably prolonging the litigation and substantially increasing its costs. The trial court in such a case would at least be justified in disallowing particular items on the cost bill as unnecessary to the litigation. (Citations omitted.) [4]

The trial court has set forth no reasons for its refusal to award costs. Although it may be argued that the filing of Cooper's counterclaim for interference with its leasehold rights was unnecessary in view of the facts that the lease had terminated and that no damages were proved, we do not believe that this is an appropriate case to authorize a denial of all costs to the prevailing party. The counterclaim raised a peripheral issue only. Since the case will have to be remanded in any event, the trial court should determine whether particular items on the cost bill should be disallowed as unnecessary to the litigation, but should award proper items of costs.

With reference to the more difficult question pertaining to the disallowance of attorney's fees, Cooper was the prevailing party. Nevertheless, the trial court in its discretion for valid reasons might deny the award of attorney's fees. Alaska Civil Rule 82(a)(1) specifies in part:

> Should no recovery be had, attorney's fees for the prevailing party *may* be fixed by the court as a part of the costs of the action, *in its discretion,* in a reasonable amount. (Emphasis added.)

■ We have recognized in several cases that the award is discretionary with the trial judge [5] and is reviewable on appeal only for abuse.[6]

4. 499 P.2d 599, 602 n. 13.

5. In Albritton v. Estate of Larson, 428 P. 2d 379 (Alaska 1967) (involving attorney's fees where the issue was an offer of judgment under Rule 68), the court stated through then Justice Rabinowitz:
> As we have noted, Civil Rule 82(a) provides for the allowance of attorney's fees as costs to "the party recovering any money judgment," to "the prevailing party," and "to the prevailing side." In our view, we need not decide whether, under the circumstances of this rec-

ord, appellants were prevailing parties within the meaning of Civil Rule 54(d) and Civil Rule 82(a)(1). Assuming that appellants were the prevailing parties, in the circumstances under which the question was presented to the trial judge for determination, he was vested with wide discretion as to whether attorney's fees should be awarded.
> On the record in this appeal we cannot say that the superior court abused its discretion *in failing to award at-*

In the case of M–B Contracting Co., Inc. v. Davis and Albritton v. Estate of Larson,[7] valid reasons were set forth for denying the allowance of attorney's fees. In the M–B Contracting Co., Inc., case the employer prevailed, and in affirming the trial court's failure to award attorney's fees against Davis (the claimant-employee) we stated:

> This is not a situation in which it might have been said that the injured employee has appealed on frivolous grounds and should therefore be penalized by the taxation of an attorney's fee against him. Instead, it was the employer who had prosecuted the appeal, in this case rightly so, but thereby placing the employee in a position where he had to engage counsel to represent him in the superior court on what was then a debatable question of law.[8]

In the *Albritton* case, it was held that the trial court had properly refused to award attorney's fees due to the terms of the stipulation the parties had entered into.[9]

While this court has made it clear that the award of attorney's fees to the prevailing party is not mandatory, it is equally clear that the denial of a motion for such fees may not be arbitrary or capricious or for some improper motive. The most recent statement of the necessity of a reasonable basis for denying the motion is contained in De Witt v. Liberty Leasing Co., 499 P.2d 599, 602 (Alaska 1972). Justice Erwin cited the language of Preferred General Agency of Alaska, Inc. v. Raffetto, 391 P.2d 951, 954 (Alaska 1964):

> The purpose of Civil Rule 82 in providing for the allowance of attorney's

---

*torney's fees to appellants.* (Emphasis added, footnotes omitted.)

A similar result was reached in M–B Contracting Co., Inc. v. Davis, 399 P.2d 433, 437 (Alaska 1965) where the court upheld the refusal to award fees to the "prevailing party":

> The appellant's claim of entitlement to attorney's fees as the prevailing party presents a somewhat different problem. In Civil Rule 82 is published a schedule of attorney's fees to be adhered to by the court in fixing such fees as a part of the costs of the action for the party recovering a money judgment therein, "[u]nless the court, in its discretion, otherwise directs . . . ." Then there is added this short paragraph:
>
> > "Should no recovery be had, attorney's fees for the prevailing party *may be fixed* by the court as a part of the costs of the action, *in its discretion,* in a reasonable amount." (Emphasis added by court.)
>
> The wording of this paragraph leaves it in the sound discretion of the trial court to decide, first of all, *whether the prevailing party should receive an attorney's fee at all . . . .*

The appellant recognizes the broad discretion vested in the superior court by Civil Rule 82 in the matter of awarding attorney's fees, but urges that the court abused its discretion and acted arbitrarily and capriciously in withholding from the prevailing party an attorney's fee. *No sufficient showing has been made, nor do*

*we find one in the record, that the trial judge abused his discretion in denying an attorney's fee to the appellant.* (Emphasis added, footnotes omitted.)

6. With regard to what constitutes an abuse of discretion, this court has stated:
> [T]he matter of awarding attorney's fees is committed to the discretion of the trial court. We shall interfere with the exercise of that discretion only where it has been abused. An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable. (Footnotes omitted.) Palfy v. Rice, 473 P.2d 606, 613 (Alaska 1970).
>
> In that case, the court held that an award of $3,700 to a party who had successfully defended a suit (i. e., no "money judgment") was "unreasonably low" due to the factually complex nature of the suit, the three and one-half years of preparation, the potential liability, the three weeks of trial, and collateral actions that were necessary for discovery.

7. Cited in note 5, *supra.*

8. M–B Contracting Co., Inc. v. Davis, 399 P.2d 433, 437 (Alaska 1965). The case involved special considerations applicable only to certain provisions of the Alaska Workmen's Compensation Act (AS 23.30.-145).

9. Albritton v. Estate of Larson, 428 P.2d 379 (Alaska 1967).

fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified. (Footnote omitted.)[10]

On this basis, the court held that there was not sufficient evidence to support the denial as a penalty for prolonging the litigation.

There may be valid reasons why the trial court in its discretion refused to award Cooper attorney's fees.[11] As indicated previously, the court might have found that Cooper's counterclaim was interposed for the purpose of delay or confusion. The court might also have been affected by the equities of the situation.[12] The court found that a binding contract had been entered into between the parties whereby Cooper took about $13,800 worth of gravel from the Carlsons' property and paid them only $1,000. While not finding the contract unenforceable or modified by the alleged oral agreement to pay an additional 15¢ per yard, the court could have found it unconscionable to allow an additional sum for attorney's fees resulting from the Carlsons presenting a legitimately arguable claim. Similarly, the court could have considered that Cooper having prevailed on his highly favorable contract, should not also receive a "pound of flesh".[13]

We are confronted with the difficulty of not knowing whether the court denied the fee in the exercise of its discretion or under the mistaken belief that Cooper was not the prevailing party. Accordingly, we find it necessary to remand the case to the trial court for the purpose of making a ruling as to allowable costs and also to determine whether attorney's fees should be allowed or denied in its discretion, in which event the reasons for exercising such discretion should be set forth.

The case is remanded for further proceedings in accordance with this opinion.

---

10. *See* De Witt v. Liberty Leasing Co., 499 P.2d 599, 602 n. 12 (Alaska 1972), for other cases citing this language.

11. There may be valid reasons other than those mentioned in this opinion for the exercise of the court's discretion.

12. We realize that referring to "equities" presents a rather ephemeral standard dependent upon the sense of justice of the individual presiding. We do not intend to imply that in each case the court should evaluate the purity of color of the chargers on which each side rides. We are well aware that judges may have difficulties in color perception, or even be color blind. Nevertheless, there are cases involving substantial litigable questions in which to require the losing party to pay a sizeable attorney's fee would obviously be unwarranted.

13. Shakespeare, The Merchant of Venice, Act IV, Scene 1.