NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KENNETH MONZULLA, | ) | |
| | ) | Supreme Court No. S-16249 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KN-11-00479 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| PAUL RODERICK, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1674 – April 11, 2018 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Charles T. Huguelet, Judge.

Appearances: Sonja Redmond, Soldotna, for Appellant. Charles Winegarden, Walton, Theiler & Winegarden, LLC, Kenai, for Appellee.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.   INTRODUCTION

Kenneth Monzulla and Paul Roderick agreed that Roderick would lease, with an option to purchase, mining claims from Monzulla. When their agreement fell through after several years, Monzulla sued Roderick alleging that they had entered into a lease agreement and a sales contract, and that Roderick had breached both of them. After trial the superior court ruled Roderick had not breached the parties' lease agreement and denied Monzulla's request for specific performance of one provision of the sales

---

[*]   Entered under Alaska Appellate Rule 214.

contract.  Monzulla appeals.  Because Monzulla's brief fails to adequately support any of his arguments on appeal, they are abandoned.  We therefore affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

This case arises from a series of alleged contracts for the lease and sale of Monzulla's mining claims.  In 2008 Roderick and Monzulla entered into a lease agreement with an option to purchase the mining claims.  The lease provided that Monzulla would receive a share of the profits from Roderick's mining; but Roderick did not mine the claims in 2008 or 2009.  Roderick unsuccessfully attempted to exercise his option to purchase in early 2010.  In April 2010 Roderick and Monzulla drafted and signed a second contract for the sale of the same mining claims for $50,000 more than the originally agreed upon price.  The reason for the increased price was disputed at trial. In 2011 Monzulla sued Roderick for breach of both the lease agreement and the sales agreement.

At trial Monzulla argued the parties' alleged 2010 sales contract reflected their agreement that Roderick owed Monzulla damages for breaching their 2008 lease agreement by failing to mine the claims.  He argued that the court should enforce the portion of the sales contract that allegedly resolved those damages.  Roderick disagreed. After two days of trial, and supplemental damages briefing to address Monzulla's claim for partial specific performance, the court issued a written decision.

Based upon the language of both the lease agreement and the sales agreement, the parties' trial testimony, and their pre- and post-trial submissions, the court found that Roderick had not breached the lease agreement by not mining the claims.  The court therefore found that Monzulla was not entitled to any relief, and in particular, that he was not entitled to specific performance of the sales agreement for breach of the lease.

Monzulla appeals, arguing he was not required to prove breach and that the trial court did not rule on the correct issues.

## III.    DISCUSSION

We are unable to review any issue in this case because of the inadequacy of Monzulla's brief.  Alaska Appellate Rule 212(c)(1)(I) requires that a party's brief include "[a]n argument section, which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."  Monzulla's brief does not meet these basic requirements.  Despite numerous directives from this court, counsel failed to correct any of the brief's substantive and procedural deficiencies.

We cannot make determinations "in the absence of adequate briefing."[1] Monzulla's brief does not refer to, or even acknowledge, the trial court's factual findings. It relies instead on Monzulla's trial testimony, which was not credited by the trial court.

The brief does not present a single issue on appeal on which relief could be granted.  Nor does it cite any relevant legal authority.  It cites only child custody cases and Ninth Circuit precedent which is not binding upon this court.  "Even a pro se litigant . . . must cite authority and provide a legal theory."[2]  Despite being represented by counsel, Monzulla has not met this minimal standard.  We have repeatedly held that "where a point is specified as error in a brief on appeal . . . but such point is not given more than cursory statement in the argument portion of the brief, such point will not be

---

[1]    *Associated Eng'rs & Contractors, Inc. v. H & W Constr. Co.*, 438 P.2d 224, 228 (Alaska 1968).

[2]    *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) (omission in original) (quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1063 (Alaska 2005)).

considered by the Supreme Court. Failure to argue a point constitutes an abandonment of it."[3] All of Monzulla's arguments have therefore been abandoned.

"If the adversary system is to function at the appellate level, counsel's participation and minimal compliance with the rules of this court are necessary."[4] One measure of the adversarial system functioning properly is that a party's brief "allow[s] his or her opponent and this court to discern the . . . legal argument."[5] Monzulla's brief failed to do so: Roderick was unable to discern or respond to two of Monzulla's assertions.[6]

Because his brief has failed to comply with our requirements for an appeal, Monzulla has abandoned all of his claims.

## IV. CONCLUSION

We AFFIRM the superior court's decision.

---

[3] *Lewis v. State*, 469 P.2d 689, 691 n.2 (Alaska 1970) (citing *Associated Eng'rs & Contractors Inc.*, 438 P.2d at 224-28); *see also Oels v. Anchorage Police Dep't Emps. Ass'n*, 279 P.3d 589, 598-99 (Alaska 2012); *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (2004) (noting requirement that all litigants adequately present discernable legal arguments).

[4] *Lewis*, 469 P.2d at 691 n.2 (quoting *Pedersen v. State*, 420 P.2d 327, 330 n.5 (Alaska 1966)).

[5] *Wright*, 390 P.3d at 1169 (quoting *Casciola*, 120 P.3d at 1063).

[6] The only argument Roderick's brief substantively engages with is one listed in Monzulla's points on appeal but not clearly argued in Monzulla's brief.