William LARRY, Appellant,

v.

Xavier Demeil Monique DUPREE, a minor
and Beverly Y. Dupree, a minor, by their
next friend, Rayfield Dupree, Appellee.

No. 3714.

Supreme Court of Alaska.

June 30, 1978.

Joseph W. Sheehan, Fairbanks, for appellant.

Rita T. Allee, Birch, Horton, Bittner & Monroe, Fairbanks, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

RABINOWITZ, Justice.

The complaint in the case at bar alleged a paternity action against appellant William Larry and made claims for child birth expenses, associated support for the child through majority and general damages. After a 4-day jury trial, the jury found in favor of appellant Larry.

Larry then filed a motion for attorney's fees pursuant to Civil Rule 82.[1] Thereafter, Larry's motion for attorney's fees was denied by the superior court.[2] In this appeal Larry takes the position that the superior court's denial of his motion for attorney's fees was contrary to the provisions of AS

1. Counsel for Larry submitted a bill to the superior court for his defense in the amount of $10,210.

2. The superior court announced its decision, and reasons for the decision, in an oral opinion which was delivered on the record.

09.60.010,[3] Civil Rule 54(d)[4] and Civil Rule 82(a).[5] More specifically, Larry asserts that the superior court was required to make findings of fact and conclusions of law in order to justify its ruling denying his motion for attorney's fees. Further, Larry contends that the superior court committed an arbitrary abuse of discretion in denying his motion for attorney's fees. We affirm the superior court's denial of appellant's request for attorney's fees.

■ We have held that a trial judge need not make formal findings of fact and conclusions of law to justify his decision denying attorney's fees. An oral explanation on the record, as appears in the case at bar, is sufficient.[6] *Urban Development Co. v. Dekren*, 526 P.2d 325, 328 (Alaska 1974).

■ The gist of Larry's abuse of discretion contentions is that the superior court based its decision denying attorney's fees on the fact that Larry had sexual relations with a minor.[7] It is apparent that, the superior court, in part, did base its denial of attorney's fees on the fact that Larry, who was in his mid-twenties, had sexual intercourse with a female who had just reached her 16th birthday. On the other hand, the superior court noted that the case involved a good faith paternity suit brought by a relative on behalf of two minors.[8] On the basis of the foregoing and on our review of the record in the case at bar, we cannot say that the superior court abused its discretion in rejecting appellant's motion for attorney's fees.[9] In *Cooper v. Carlson*, 511 P.2d 1305, 1311 n.12 (Alaska 1973), we said:

> We realize that referring to 'equities' presents a rather ephemeral standard dependent upon the sense of justice of the individual presiding. We do not intend to imply that in each case the court should evaluate the purity of color of the chargers on which each side rides. We are well aware that judges may have difficulties

3. AS 09.60.010 provides:

   *Costs allowed prevailing party.* Except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any including attorney fees, shall be allowed the prevailing party in any case.

4. Civil Rule 54(d) states:

   *Costs.* Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79.

5. Civil Rule 82(a) provides, in part:

   *Allowance to Prevailing Party as Costs.* (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

   .      .      .      .      .

   Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

6. The court's oral comments at the time it denied Larry's motion were:

   THE COURT: Very well. In this matter, the Defendant admitted intercourse with a minor, and, in fact, he admitted statutory rape. He certainly placed himself in the position to allow the Plaintiff to bring the charge. The case is brought by the father in a representative capacity on behalf of what were two minors, in effect. The mother was a minor at the time the case was filed, and certainly the child is only two years old at the present time, it's a good faith claim that was entitled to be brought, and prosecuted by the—*in effect* (ph), violations of the law of the Defendant. And under those circumstances, in my opinion, it would be unconscionable to penalize the representa-—the father by establishing attorney fees against him. So, attorney fees will be denied.

7. The court went on, after the quoted comments in note 6, *supra*, to accept the parties' in-court stipulation that Larry did not admit statutory rape on the record, and that the first act of intercourse might have occurred a few days after the mother's 16th birthday. The superior court concluded that in light of the other circumstances to which it previously alluded, the change of this fact did not alter his decision to deny appellant attorney's fees.

8. *See* note 6, *supra*.

9. In *Adoption of V.M.C.*, 528 P.2d 788, 795 (Alaska 1974), we stated, in part:

   Only upon a clear abuse of discretion can this Court interfere with its exercise, such abuse being established only where it appears that the court's determination is manifestly unreasonable.

in color perception, or even be color blind. Nevertheless, there are cases involving substantial litigable questions in which to require the losing party to pay a sizeable attorney's fees would obviously be unwarranted.

In our opinion, the instant case presented an appropriate occasion, under the criteria of *Cooper v. Carlson*, for the superior court to have weighed the equities and to have concluded that an award of attorney's fees for Larry was not warranted.

Affirmed.

MATTHEWS, J., not participating.